**GENERAL BUSINESS SERVICES, INC.,**
Appellee,

v.

**Silas FLETCHER, Sr., d/b/a General Business Services, Route 1, Box 90, Gatesville, North Carolina, Appellant.**

No. 14340.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 10, 1970.

Decided Dec. 21, 1970.

Thomas A. McKee, Richmond, Va., for appellant.

John H. Hall, Jr., Elizabeth City, N. C. (Jeffrey L. Gardy, Suffolk, Va., and Gerald F. White, Elizabeth City, N. C., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and THOMSEN, District Judge.

PER CURIAM:

In a suit for damages and an injunction in which it was alleged that defendant, after termination of a franchise agreement, continued to use plaintiff's trademark to identify tax and record keeping services performed by defendant and used plaintiff's record books bearing plaintiff's registered trademark, the district court, 308 F.Supp. 1135 granted plaintiff an injunction, awarded money damages in the amount specified in the contract and awarded an attorney's fee.

On appeal defendant claims as the principal grounds for reversal that the case was improperly tried non-jury and that plaintiff lost certain of defendant's exhibits which were submitted to plaintiff's attorneys for inspection.

The complaint, defendant's answer and amended answer all demanded a

jury trial. But the subsequent final pretrial order recited that at the pretrial conference, which plaintiff attended by counsel and defendant in proper person, "[a]ll parties waived trial by jury" and ordered that the case be tried without a jury. By letter, written five days later, defendant, who throughout the trial appeared in proper person, wrote that he understood the court would decide the points of law but that a jury would assess damages.* He purportedly renewed his demand for a jury trial. Nonetheless, the case was tried non-jury.

We see no error. The pretrial order recites a valid waiver of jury trial and once waived the subsequent demand was not timely. Rule 38, F.R.Civ.P. Subsequent to argument, we sought to obtain a transcript of the pretrial conference to determine if there was any basis to impeach or question the accuracy of the pretrial order. We are advised that a reporter was present but was not requested to take any notes. There is no basis, therefore, to go behind the pretrial order, or to corroborate any claim of misunderstanding on the part of the pro se defendant.

Plaintiff's counsel admits to the loss in the United States mails of certain of defendant's documents which were submitted for inspection. Counsel did not make copies or compile any description of what was submitted to him before mailing them to his cocounsel. Defendant, too, is unable to tell us what was lost or how any of the material was relevant to any issue raised by the litigation. In no wise do we approve of counsel's failure to make copies, compile a description or employ registered mail, but we are unable to see any basis to afford appellate relief.

We find no merit in defendant's other claims of error with one exception.

---

* The contract provided that after termination, defendant would not use plaintiff's trade-marks, or words or symbols which may tend to confuse the public, failing which defendant would be liable for $5,000 damages. Aside from the legal question of whether this contract provision was an illegal penalty or true liquidated damages, manifestly a question for the court, there was nothing for the jury to decide on the question of damages if, as the district court concluded, the provision was enforceable.

The contract between the parties makes no provision for counsel fees for litigation arising from any breach, and we are referred to no authority to support the award in this case. On remand, we direct that the award be stricken.

Affirmed in part, reversed in part.