**Grace AMBURGEY, Plaintiff-Appellant,**

v.

**Clifford R. CASSADY, Superintendent of Rowan County Board of Education, et al., Defendants-Appellees.**

**No. 74–1433.**

United States Court of Appeals, Sixth Circuit.

Nov. 26, 1974.

against the superintendent in his individual and official capacities and against the school board and four of its five members. The complaint alleged that the decision not to reemploy her constituted a sanction imposed for the exercise of her First Amendment rights and was, therefore, constitutionally impermissible.

The district court, which tried the case without a jury, found that plaintiff began her political activities and opposition to the administration of the superintendent shortly after being employed in 1969, and that despite these activities she was twice recommended by him for reemployment, and was twice reemployed by the board. He found that plaintiff had not engaged in these political activities during her last year at the school. The district court also found that Mrs. Amburgey had caused embarrassment to a colleague in the presence of the latter's students, an incident which adversely affected her relationship with them; that she shoved the superintendent after a school board meeting; that she stated she would " 'lay a .38 between his . . . eyes'," and that she suggested several times that the superintendent and the principal ought to be shot. On the basis of this evidence, the district court concluded that although a teacher has a right to criticize internal school operations, the conduct of Mrs. Amburgey, particularly her disruption of a colleague's classroom, her shoving of the superintendent, and her suggestion that he ought to be shot, provided ample justification for the recommendation of the superintendent and for the decision of the school board. Accordingly, the district court entered a judgment for defendants.

On appeal, three assignments of error are made: (1) that the district court erred in denying plaintiff a jury trial; (2) that the district court erred in refusing to admit evidence; and (3) that the district court erred in its determination that Mrs. Amburgey was refused reemployment for constitutionally permissible reasons. We hold that these as-

Arthur L. Brooks, Brooks, Sullivan & Molloy, Lexington, Ky., for plaintiff-appellant.

Thomas R. Burns, Morehead, Ky., for defendants-appellees.

Before EDWARDS, CELEBREZZE, and McCREE, Circuit Judges.

PER CURIAM.

Grace Amburgey was a non-tenured teacher and librarian in the Rowan County High School in Kentucky from 1969 to 1972. On May 4, 1972, she was notified by the superintendent that he had recommended and that the school board had determined not to employ her for the 1972–73 school year. The reasons given for his recommendation to the board were, *inter alia,* that Mrs. Amburgey had entered the classroom of another teacher and had insulted her in the presence of students and that Mrs. Amburgey had threatened physical harm to administrative officials.

Subsequently, Grace Amburgey brought this suit under 42 U.S.C. § 1983

signments of error are without merit· and, accordingly, affirm.

## RIGHT TO A JURY TRIAL

■■ A complainant alleging a violation of 42 U.S.C. § 1983 and seeking both equitable and legal relief is entitled to have a jury determine the merits of the legal issues in the case. *Cf.* Curtis v. Loether, 415 U.S. 189, 194, 94 S.Ct. 1005, 39 L.Ed.2d 214 (1974). In that case, the Supreme Court considered an action brought under Title VIII of the Civil Rights Act of 1968 in which both legal and equitable relief was sought, and held that "[t]he Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." Section 1983 meets these prerequisites, and plaintiff was entitled to a jury trial upon her demand. In this case, however, the right was waived. In the hearing conducted in connection with a motion to dismiss the complaint, when the district court suggested that a trial of the cause by jury would result in delay, counsel for plaintiff responded, "I'm not jumping up and down to try it before a jury, but I made the demand to protect myself, if it please the court, and I would like to get my case tried and I know it's a lot quicker to try before the court." This statement, coupled with counsel's commencement of the trial without objection before the court, constituted a waiver of the earlier demand for a trial by jury.

## REFUSAL TO ADMIT EVIDENCE

■ The district court refused to admit evidence adduced in a state court proceeding initiated by other teachers in the school system which employed plaintiff against the superintendent and the school board in which it was determined that complainants had been transferred to less desirable jobs in the system for constitutionally impermissible reasons. Appellant contends that this evidence would have established a pattern and practice of official retribution for the exercise of First Amendment rights. Although this evidence might have limited probative value, we conclude that the district court did not abuse his discretion in refusing to admit it. The determination of the constitutionality of the board's decision not to reemploy Mrs. Amburgey depended primarily upon the facts of her experience and not on the facts of the experiences of other employees; and the district court found that the school board had not based its decision on impermissible factors.

## THE REASON FOR THE SCHOOL BOARD'S DECISION

■ A person does not lose his First Amendment rights, including the right to engage in vigorous and spirited criticism of the government, because he becomes an employee of government. Furthermore, a nontenured teacher in a public school system may be awarded damages and may be accorded equitable relief, under 42 U.S.C. § 1983, if he is discharged or refused tenure or reemployment in retaliation for the exercise of rights guaranteed by the First Amendment. *See, e. g.*, Manchester v. Lewis, 507 F.2d 289 (6 Cir. 1974) and cases cited therein. In this case, plaintiff alleged that the decision of the school board not to renew her contract was made for such impermissible reasons. She introduced no evidence, however, of the motivations of the school board members for their decision; and the district court, after trial in which he was able to judge the credibility of the witnesses and in which he resolved disputed issues of fact, concluded that plaintiff had failed to sustain her burden of proof against the superintendent as well. Upon review of the entire record, we conclude that the determination of the district court is not clearly erroneous but, on the contrary, is supported by substantial evidence. Accordingly, we have no authority to disturb it.

Affirmed.