Linda SEWELL, Plaintiff–Appellant,

v.

JEFFERSON COUNTY FISCAL COURT; Mitchell McConnell; Carl Brown; Jim Malone; Sylvia Watson; Jefferson County Corrections Department; Richard Frey; Jeannette Priebe, Defendants–Appellees.

Nos. 87–5254, 87–5658.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 15, 1988.

Decided Dec. 19, 1988.
Rehearing and Rehearing En Banc Denied Feb. 6, 1989.

---

**462**

Henry J. Curtis (argued), Louisville, Ky., for plaintiff-appellant.

W. Waverly Townes, R. Allen McCartney, Asst. Jefferson County Atty. (argued), Louisville, Ky., for defendants-appellees.

Before ENGEL, Chief Judge,* KENNEDY and KRUPANSKY, Circuit Judges.

---

* The Honorable Albert J. Engel assumed the duties of Chief Judge effective April 1, 1988.

1. In her complaint, plaintiff had named as defendants the Jefferson County Fiscal Court, which is an administrative and legislative governmental agency of Jefferson County, Kentucky, and which was at all times relevant to this action the employer of Sewell. Plaintiff also named several elected commissioners of the Fiscal Court (Mitchell McConnell, Carl Brown, Jim Malone and Sylvia Watson); the Jefferson County Corrections Department,

KRUPANSKY, Circuit Judge.

The plaintiff-appellant in this case, Linda Sewell (plaintiff or Sewell), a white female, has appealed from the entry of final judgment in favor of the defendants-appellees (defendants) [1] after a bench trial. Sewell had alleged racial and sexual discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C.A. § 2000e et seq., and 42 U.S.C.A. §§ 1981 and 1983; and that she had been deprived of a property interest in her position as a sergeant of the Corrections Department without due process of law in violation of § 1983.

Sewell was a corrections officer employed by the Jefferson County Fiscal Court. She was appointed acting sergeant by the Jefferson County Corrections Department (Corrections Department) on January 4, 1980. On January 18, 1981, the Corrections Department promoted her to the position of a regular sergeant after completing a six month probationary period of service in that grade. On September 3, 1981, Sewell was demoted by the Corrections Department to the position of a corrections officer, because it had been erroneously concluded that her probationary period had not expired.

Sewell filed a charge of racial and sexual discrimination against the Corrections Department that same day, September 3, 1981, with the Equal Employment Opportunity Commission (EEOC). Sewell filed a second charge against the Corrections Department with the EEOC on September 14, 1981, alleging unlawful retaliation and demotion. The Secretary of the Fiscal Court, Richard Frey (Secretary or Frey), wrote Sewell on September 25, 1981, advising her that she had mistakenly been demoted on the erroneous assumption that she was still

which is a governmental agency under the control and direction of the Jefferson County Fiscal Court; the Chief Administrative Officer and Secretary of Corrections of the Fiscal Court (Richard Frey) (Secretary Frey); and the Director of Jefferson County Personnel (Jeannette Priebe). The Jefferson County Corrections Department and the Director of Jefferson County Personnel were dismissed from this litigation; plaintiff has not appealed that action. All other parties will be referred to collectively as the "defendants."

serving as a probationary employee. Frey retroactively reinstated Sewell on that date with full back pay.

Plaintiff was subjected to a second demotion by the Corrections Department on February 24, 1982 because she had permitted two inexperienced, untrained and unarmed female correction officers to supervise a newly opened wing of the correctional department for a period of nearly 45 minutes, although she was aware that the area in question had experienced inmate disorders several days previously. On the night in question, several inmates again had become unruly, and although no one was injured, the inmates refused to return to order until an armed officer arrived on the scene.

On February 22, 1982, Sewell's supervisor, Major Montgomery, a white male, recommended that she be demoted from sergeant to corrections officer as a result of the incident. Major Montgomery conferred with Sewell for some 30 minutes on that date, in the presence of another employee of the Department of Corrections, and advised her of both of the pending decision to demote her and of the reasons underlying that decision.[2] Secretary Frey thereupon informed the plaintiff on February 24, 1982 that she was demoted, and advised her that she had the right to appeal the action to the Corrections Merit Board (Merit Board).

Sewell filed an appeal to the Merit Board, which unanimously rejected her challenge. Plaintiff did not further appeal the Merit Board's decision to either the Jefferson Circuit Court or the Jefferson County Fiscal Court, as provided by Kentucky statute, but rather filed the present suit in the United States District Court for the Western District of Kentucky on March 22, 1983. In her complaint, Sewell specifically requested a jury trial for all legal claims presented.

It is undisputed that the plaintiff had properly indorsed a request for a jury trial on the complaint in accordance with Federal Rule of Civil Procedure 38(b).[3] Following a pretrial conference on July 5, 1986, the court entered an order scheduling the case for a September 23, 1986 jury trial on all issues except plaintiff's claim under Title VII. During the final pretrial conference, conducted on September 15, 1986, counsel for Sewell orally requested a continuance of the September 23, 1986 jury trial date. The district court granted the motion and removed the case from the jury trial docket and continued the case on September 17, 1986 *for trial before the court* on January 22, 1987. ("IT IS ORDERED that this case be remanded from the trial calendar of September 23, 1986, and is continued to *JANUARY 22, 1987, at 10:00 A.M.* for a trial before the COURT.") (emphasis in original). Plaintiff's counsel made no objection to the court's order reassigning the case for trial before the court until the commencement of the January 22, 1987 trial.

On January 22, 1987, after the parties had announced that they were prepared to proceed with the trial, plaintiff's counsel requested the court to summon the jury. The court examined the order of September 17, 1986, and noted that it stated trial was to be before the court. After a discussion with counsel for the parties, the court concluded that Sewell had waived the right to trial by jury by failing to timely object to the court's September 17, 1986 order removing the case from the jury trial docket. The court proceeded to try all of Sewell's claims under Title VII, and §§ 1981 and 1983. The court entered judgment for the defendants on all counts on February 4,

---

**2.** Sewell testified that she was told only that she was to be demoted, and that she was not advised of the evidence which supported this action. Major Montgomery testified that she was informed of the reasons behind her demotion. The district court credited Major Montgomery's version of these events.

**3.** That rule states that:

Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. *Such demand may be indorsed upon a pleading of the party.*
Fed.R.Civ.P. 38(b) (emphasis added).

1987 and filed a memorandum opinion and order on May 22, 1987.

On appeal, Sewell has argued that the district court erred by denying her fundamental constitutional right to a trial by a jury. *See* U.S. Const. amend. VII ("In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...."); Fed.R.Civ.P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution ... shall be preserved to the parties inviolate."); *see also Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 811, 81 L.Ed. 1177 (1937); *Bellmore v. Mobil Oil Corp.*, 783 F.2d 300, 306 (2nd Cir.1986). Although the right to a jury trial is guaranteed by the Constitution, "like other constitutional rights, can be waived by the parties." 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2321, at 101 (1971); *see also* Fed.R.Civ.P. 38(d), 39(a); *United States v. Moore*, 340 U.S. 616, 621, 71 S.Ct. 524, 526, 95 L.Ed. 582 (1951); *Bellmore*, 783 F.2d at 306. The standard for determining whether there has been a subsequent waiver of a jury trial, which had previously been timely entered pursuant to

Federal Rule of Civil Procedure 38(a), is set forth in Federal Rule of Civil Procedure 39(a): [4]

> The trial of all issues so demanded shall be by jury, unless ... the parties or their attorneys of record, by written stipulation or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury....

Fed.R.Civ.P. 39(a); *see also* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2332, at 108–09 (1971); *compare* Fed.R.Civ.P. 38(d) ("A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2321, at 101–02 (1971).

■ The requirements of Rule 39(a) have "been interpreted broadly so as to encompass orders entered by the court and not objected to." *Lovelace v. Dall*, 820 F.2d 223, 227 (7th Cir.1987). In the instant case, the counsel for the plaintiff made an oral motion for a continuance of the trial date during the final pretrial conference on September 15, 1986. The court granted the motion orally, and then entered a written

---

**4.** The dissent suggests that the appropriate standard to be applied in construing the validity of a waiver relinquishing a constitutional right, in this case the guarantee of a jury trial under circumstances where a jury demand had been initially duly filed with the court, is that the waiver be "knowing and voluntary" so as "to preserve a fair trial," as announced in *Schneckloth v. Bustamonte*, 412 U.S. 218, 237, 93 S.Ct. 2041, 2053, 36 L.Ed.2d 854 (1973). The dissent further suggests that in *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752 (6th Cir.1985) this circuit adopted the "knowing and voluntary" test to determine the appropriateness of a jury waiver. The dissent misconstrues the pronouncements of *Irving Trust Co.*

The issue joined in *Irving Trust Co.* addressed the proper standard to be applied in determining the validity of a contractual provision incorporated into an agreement between K.M.C. Company and Irving Trust Company whereby the parties purported to mutually waive their respective rights to a jury in any and all future judicial actions arising out of the contract between them. *Irving Trust Co.*, 757 F.2d at 755–56. Although the panel that decided that controversy concluded that the "knowing and voluntary" standard should be applied to the con-

tractual waiver provision presented in *Irving Trust Co.*, the court was careful to distinguish that "it is clear that the test of waiver that is applied to other constitutional rights ... is not applicable to trial by jury," regarding "a party's procedural default once litigation has commenced in a particular case." *Irving Trust Co.*, 757 F.2d at 756 n. 4. (quoting with approval 9 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2321, at 101 & n. 52 (1971)); *id.* ("We are convinced, however, that there is a sound rationale underlying the application of different standards in the two instances.").

As the panel itself observed in *Irving Trust Co.*, the Federal Rules of Civil Procedure impose a less stringent standard than that of "knowing and voluntary" in controversies addressing jury waiver generally, noting that the Rules provide for "waiver by mere inadvertence under Fed.R. Civ.P. 36(d), which provides that failure to file a timely demand constitutes waiver of trial by jury." *Irving Trust Co.*, 757 F.2d at 756 n. 4. Similarly, Rule 39(a) of the Federal Rules of Civil Procedure, which states that the parties to a civil action can waive the right to a jury trial by means of a written stipulation, "is a reasonable requirement calculated to insure the orderly presentation of the business of the court." *Irving Trust Co.*, 757 F.2d at 757 n. 4.

order on September 17, 1986 which stated that the case was continued until January 22, 1987 *"for a trial before the court."* The court's order of September 17, 1986 was binding upon all parties, *see* Fed.R.Civ. P. 16(e); *Ghandi v. Police Dep't of Detroit,* 823 F.2d 959, 962 (6th Cir.1987), *cert. denied sub nom. Ghandi v. Fayed,* — U.S. ——, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988); *Daniels v. Board of Educ. of Ravenna School Dist.,* 805 F.2d 203, 209 (6th Cir.1986); *accord* Annot., *Binding Effect of Court's Order Entered After Pretrial Conference,* 22 A.L.R.2d 599, 601–03 (1952), and constituted a "sufficient entry in the record to satisfy the requirements of Fed.R.Civ.P. 39(a)." *Fields Eng'g & Equip., Inc. v. Cargill, Inc.,* 651 F.2d 589, 592 (8th Cir.1981) (waiver contained in the court's order); *see also Harden v. Adams,* 760 F.2d 1158, 1166 (11th Cir.) (waiver contained in amended complaint and later orders of the court), *cert. denied sub nom. Grimmer v. Harden,* 474 U.S. 1007, 106 S.Ct. 530, 88 L.Ed.2d 462 (1985); *Moser v. Texas Trailer Corp.,* 623 F.2d 1006, 1011 (5th Cir.1980) (amended complaint which provided for trial "without a jury" sufficient to waive jury trial); *General Business Servs., Inc. v. Fletcher,* 435 F.2d 863, 864 (4th Cir.1970) (order of court noting waiver of jury trial); *accord Lovelace,* 820 F.2d at 227 (pretrial minutes stating that jury demand withdrawn and matter set for bench trial; court decided there was no waiver based upon other grounds).

The plaintiff, however, has urged this court to find that the September 17, 1986 order was insufficient by itself to evidence a waiver of Sewell's right to a jury trial, charging that there was no record that the parties to this controversy had ever discussed the issue. It is well established, however, that there is no requirement that a written expression of waiver be accompanied by any additional documentation. *See, e.g., Fields Eng'g & Equip., Inc.,* 651 F.2d at 592 ("It is immaterial that the pretrial conference itself was not on the record. The agreement to waive a jury ... was recorded in the pretrial order."); *Fletcher,* 435 F.2d at 864 (affirmed trial before court where appellant claimed that he thought court had agreed at pretrial conference to submit issue of damages to jury, but pretrial order reflected waiver of jury trial and the pretrial conference had not been recorded); Annot., *Binding Effect of Court's Order Entered After Pretrial Conference,* 22 A.L.R.2d 599, 602 (1952) ("[P]arties may be bound by recitals in the pretrial order or report on the theory that they are stipulations."); *accord Moser v. Texas Trailer Corp.,* 623 F.2d 1006, 1010–11 (5th Cir. 1980) (appellant failed to object to amended complaint waiving jury trial; no record that parties had discussed issue).

Furthermore, the fact that the plaintiff in the case at bar made no objection to the language of the September 17, 1986 order for nearly four months provided additional support for the district court's conclusion that there had been a waiver of the jury trial. *See United States v. Missouri River Breaks Hunt Club,* 641 F.2d 689, 693 (9th Cir.1981) (judge's oral statement that parties had waived jury trial affirmed in light of appellant's failure to have objected in the two months before bench trial began); *Southland Reship, Inc. v. Flegel,* 534 F.2d 639, 644 (5th Cir.1976) (failure to have made any objection for over a month after judge's oral ruling regarding bench trial sufficient to affirm waiver of jury trial); *accord Harden,* 760 F.2d at 1168 (no objection made to amendment to the complaint or court's orders indicating waiver of jury trial); *cf. Ghandi,* 823 F.2d at 963 nn. 1 & 3 (failure to have moved to amend the court's order of September 17, 1986 pursuant to Fed.R.Civ.P. 16(e)); *Daniels,* 805 F.2d at 209 (same).

■ Plaintiff's disclaimer of knowledge that the September 17, 1986 order had assigned the case for a bench trial is likewise of no significance because inadvertence or mistaken impression is not sufficient to relieve the party from the effects of an otherwise valid waiver of a jury trial. *See Fletcher,* 435 F.2d at 864; *Bush v. Allstate Ins. Co.,* 425 F.2d 393, 396 (5th Cir.), *cert. denied,* 400 U.S. 833, 91 S.Ct. 64, 27 L.Ed.2d 64 (1970). Nor did the plaintiff's objection at the commencement of the bench trial serve to reinstate the right to a

trial by jury. "Ordinarily, once a party withdraws his demand for a jury trial, with the requisite consent of the other parties, he may not change his mind." *Hanlon v. Providence College*, 615 F.2d 535, 538–39 (1st Cir.1980); *see also West v. Devitt*, 311 F.2d 787, 788 (8th Cir.1963) ("The mere fact that petitioner had changed his mind would not of itself require the court to set aside the procedural order made."); *Fletcher*, 435 F.2d at 864 (renewed demand for jury trial made five days after pretrial order expressing waiver of same did not preserve right); Annot., *Withdrawal or Disregard of Jury Trial in Civil Action*, 64 A.L.R.2d 506, 517–19 (1959) ("The rule recognized in a number of cases is that once a waiver of jury trial has matured, the waiver may not be withdrawn at the insistence of one party."); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2321, at 104 & n. 64 (1971); *accord Bellmore*, 783 F.2d at 307 ("[S]omething beyond the mere inadvertence of counsel is required to relieve a party from its waiver.") (applying Fed.R. Civ.P. 39(b)) (quoting *Alvarado v. Santana–Lopez*, 101 F.R.D. 367, 368 (S.D.N.Y. 1984)). The suggestion that the district court erred in concluding that Sewell had waived the right to trial by jury is accordingly without merit.

■ In the alternative, the plaintiff has argued that this action should be reversed and remanded because the district court erred in finding that Sewell did not suffer from sex or race discrimination in her employment. The district court initially determined that Sewell had presented only marginal evidence of disparate treatment based primarily upon a comparison of disciplinary action taken against the plaintiff, a white female, and the actions taken against another officer, Sgt. Erroyl Cheatum (Cheatum), a black male. Nevertheless, the district court accorded the plaintiff's evidence sufficient weight to support a prima facie case that would withstand a defense motion for dismissal. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed. 2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Selden Apart-ments v. United States Dep't of Hous. & Urban Dev.*, 785 F.2d 152, 160 (6th Cir. 1986). The court then concluded that the defendants had articulated a legitimate, nondiscriminatory reason for Sewell's demotion because her actions had endangered the safety of other officers and inmates, while those of Cheatum, the employee with whom her disciplinary actions had been compared, had not. *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094; *McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. at 1824; *Selden Apartments*, 785 F.2d at 160. Upon concluding that the plaintiff had failed to rebut the nondiscriminatory evidence produced by the defendants, the district court ruled that, as a matter of law, Sewell had failed to carry her burden of proving racial or sexual discrimination under Title VII, *see United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983); *see also Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095; *McDonnell Douglas Corp.*, 411 U.S. at 804, 93 S.Ct. at 1825; *Selden Apartments*, 785 F.2d at 160–61, or under §§ 1981 and 1983. *See Daniels*, 805 F.2d at 207 (6th Cir.1986) ("[T]he order and allocation of proof, applicable in a disparate treatment case under Title VII, may be utilized in adjudicating race discrimination claims arising under sections 1981 and 1983."); *Shah v. General Elec. Co.*, 816 F.2d 264, 267 n. 1 (6th Cir.1987) ("The order and allocation of proof in a section 1981 case are the same as in a Title VII action."); *Long v. Ford Motor Co.*, 496 F.2d 500, 505 n. 11 (6th Cir.1974) ("[T]he principles governing [a Title VII case] apply with equal force to a § 1981 action."); *cf. Cooper v. Federal Res. Bank of Richmond*, 467 U.S. 867, 874, 104 S.Ct. 2794, 2798, 81 L.Ed.2d 718 (1984) ("Basic principles of ... collateral estoppel apply" in discrimination actions predicated upon Title VII, Section 1981 and Section 1983.)

The district court's subsidiary factual findings can be reversed on appellate review only if this court finds them to be "clearly erroneous." *See* Fed.R.Civ.P. 52(a) ("Findings of fact, whether based on oral or documentary evidence, shall not be

set aside unless clearly erroneous...."); *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 499, 104 S.Ct. 1949, 1959, 80 L.Ed.2d 502 (1984) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.") (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)); *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (same standard); *Batts v. NLT Corp.*, 844 F.2d 331, 336 (6th Cir.1988). In the instant case, the district court's factual findings were anchored in credibility assessments of a number of witnesses, including Sewell herself, her immediate supervisor, Major Montgomery, and Secretary Frey. The court assigned greater credibility to the testimony of Major Montgomery and Secretary Frey than the testimony of Sewell, and adopted their version of the facts. On appellate review, Rule 52(a) commands that "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." [5] Fed.R.Civ.P. 52(a); *see also Bose Corp.*, 466 U.S. at 499–500, 104 S.Ct. at 1959; *Connaughton v. Harte Hanks Communications, Inc.*, 842 F.2d 825, 829 (6th Cir.1988), *cert. granted*, —— U.S. ——, 109 S.Ct. 257, 102 L.Ed.2d 245 (1988).

Based upon these credibility assessments, the district court's conclusions that the defendants had established a legitimate, nonpretextual reason for the disparity in treatment accorded to Sewell and Sgt. Cheatum and that the plaintiff had failed to present any evidence to refute this justification were not clearly erroneous. *Anderson*, 470 U.S. at 574, 105 S.Ct. at 1512 ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly er-

roneous."); *Batts*, 844 F.2d at 336–37; *Watson v. Fort Worth Bank & Trust*, 798 F.2d 791, 798–99 (5th Cir.1986), *vacated and remanded on other grounds*, —— U.S. ——, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988). In light of these factual determinations, the district court's ultimate conclusion that the plaintiff had not been subjected to racial or sexual discrimination was appropriate. *See, e.g., Batts*, 844 F.2d at 337.

Finally, Sewell has alleged that the defendants failed to provide her with a pre-deprivation hearing before her termination, as mandated by the Supreme Court in *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), *aff'g* 721 F.2d 550 (6th Cir.1983), and that the defendants had therefore deprived her of a property interest without due process of law in violation of § 1983. It is undisputed, however, that although Sewell was not provided with a pre-deprivation hearing before her September 3, 1981 demotion, she was retroactively reinstated, with full back pay and benefits, on September 25, 1981, and was accordingly not deprived of any property interest without due process of law as a result from her demotion of September 3, 1981. *Compare Carter v. Western Reserve Psychiatric Rehabilitation*, 767 F.2d 270, 272 n. 1 (6th Cir. 1985) (two day suspension was considered *"de minimis* and not deserving of due process consideration.") *with Boals v. Gray*, 775 F.2d 686, 689 n. 5 (6th Cir.1985) (five day suspension not *de minimis*); *id.* at 697 (Wellford, J., concurring) (initial three day suspension was *"de minimis* property deprivation not deserving of due process consideration;"* cumulative suspension of five days duration not *de minimis*); *accord Garraghty v. Jordan*, 830 F.2d 1295, 1299 (4th Cir.1987) (suspension not a *de minimis* deprivation where plaintiff

---

**5.** The Supreme Court has indicated that particular deference is to be given to a trial court's credibility determinations.

When findings are based on determinations regarding the credibility of witnesses, Rule 52 demands even greater deference to the trial court's findings; for only the trial judge can

be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said. *Wainwright v. Witt*, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985).

*Anderson*, 470 U.S. at 575, 105 S.Ct. at 1512; *accord Batts*, 844 F.2d at 336.

"lost compensation and other emoluments of the office for the period of the suspension."). Furthermore, the plaintiff is barred from recovering under § 1983 for deprivation of property without due process by her failure to have demonstrated that the remedies provided to her under state law, namely, an appeal of the Merit Board's actions to the Jefferson County Circuit Court or the Jefferson County Fiscal Court, were inadequate to rectify any error committed by the Merit Board. *See Parratt v. Taylor*, 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981); *Wilson v. Beebe*, 770 F.2d 578, 583 (6th Cir.1985) (en banc); *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir.1983), *cert. denied*, 469 U.S. 834, 105 S.Ct. 125, 83 L.Ed. 2d 67 (1984).

In regard to Sewell's February 24, 1982 demotion, Sewell herself testified during the trial that she had a meeting with Major Montgomery on February 22, 1982, during which they had discussed her forthcoming demotion. The district court credited Major Montgomery's testimony that, during their February 22, 1982 meeting, he had explained to Sewell the reasons for her demotion, and had provided her with an opportunity to respond to his statements. This encounter satisfied the requirements of a pre-deprivation hearing mandated by *Loudermill* in that Sewell was provided with "oral . . . notice of the charges against [her], an explanation of the employer's evidence, and an opportunity to present [her] side of the story." *Loudermill*, 470 U.S. at 546, 105 S.Ct. at 1495; *see also Duchesne v. Williams*, 849 F.2d 1004, 1007 (6th Cir.1988) (en banc); *Garraghty*, 830 F.2d at 1300; *Schaper v. City of Huntsville*, 813 F.2d 709, 714 (5th Cir.1987). Plaintiff's suggestion that she was not properly accorded her pre-deprivation due process rights is in error.

This court has considered the plaintiff's remaining assignments of error and has concluded that they are without merit. Accordingly, the decision of the district court is AFFIRMED.

KENNEDY, Circuit Judge, concurring in part and dissenting in part.

I disagree with the majority's holding that Sewell waived her right to a jury trial. In all other respects, I concur in the court's opinion.

Plaintiff, who had made a jury demand, was entitled to a jury trial on her section 1981 and 1983 claims. *Amburgey v. Cassady*, 507 F.2d 728, 730 (6th Cir.1974). Since these are actions for constitutional torts, and thus "suits at common law," the Seventh Amendment guarantee of trial by jury applies. *Id.; see Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *Pernell v. Southall Realty*, 416 U.S. 363, 370, 94 S.Ct. 1723, 1727, 40 L.Ed.2d 198 (1974). ("This Court has long assumed that actions . . . for damages to a person or property, are actions to a jury.") The waiver of this right must be clear and unmistakeable. The failure of plaintiff's counsel to notice that the pretrial order stated that the case would be tried before the court does not, in my opinion, constitute the waiver of a constitutional right.

This is not a case in which plaintiff orally agreed to a jury waiver which was then memorialized in the court order as happened in *Fields Engineering & Equipment, Inc. v. Cargill, Inc.*, 651 F.2d 589 (8th Cir.1981). The colloquy at the beginning of the afternoon session of January 22 indicates that the designation of the trial as one before the court was inadvertent:

THE COURT: The pretrial trial says, Mr.—final pretrial on September 15, 1986, says that this case is continued to January 22, 1987 for a trial before the Court.

MR. CURTIS [plaintiff's attorney]: But, Judge, I've asked for a jury trial in my complaint.

THE COURT: I know you did; but somehow, at the pretrial-it came out as a non-jury trial; and your duty, when you got that pretrial order, if it was wrong was to object at that time.

The District Court found a waiver in counsel's failure to note this provision in the pretrial order and object to it before trial.

*Amburgey* provides an apt comparison. There, counsel, in response to the judge's suggestion that a jury trial would result in delay, admitted he had only requested a jury trial to "protect myself," that he was "not jumping up and down to try it before a jury" and "I would like to get my case tried and I know it's a lot quicker to try before the court." A panel of this Court held that these statements, "coupled with counsel's commencement of the trial without objection before the court, constituted a waiver of the earlier demand for a trial by jury," 507 F.2d at 730.

Nor is this a case in which plaintiff acquiesced after learning that the case was to be tried without a jury as did the plaintiff in *Fiedler v. Marumsco Christian School,* 631 F.2d 1144, 1149 (4th Cir.1980); and *Southland Reship, Inc. v. Flegel,* 534 F.2d 639, 644 (5th Cir.1976), or raised the issue for the first time on appeal as did the plaintiff in *Lovelace v. Dall,* 820 F.2d 223 (7th Cir.1987). In the remaining case relied on by the majority, *Harden v. Adams,* 760 F.2d 1158 (11th Cir.), *cert. denied sub nom. Grimmer v. Harden,* 474 U.S. 1007, 106 S.Ct. 530, 88 L.Ed.2d 462 (1985) there was, as the majority notes, a waiver in the amended complaint.

In *K.M.C. Co. v. Irving Trust Co.,* 757 F.2d 752 (6th Cir.1985), we applied a knowing and voluntary standard to contractual waivers of jury trial. The Court in *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), also a contractual waiver of jury trial case, stated "... a waiver of constitutional rights in any context must, at the very *least,* be clear." That there was a waiver here is anything but clear. It certainly was not knowing and voluntary. I would REMAND the action for a jury trial on the sections 1981 and 1983 claims.