872 F.2d 1030
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leola WARREN, Plaintiff-Appellant,
v.
BYCK'S DEPARTMENT STORE, Defendant-Appellee.
 No. 87-6363.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Leola Warren (Warren), has appealed from the decision of the United States District Court for the Western District of Kentucky granting judgment in favor of Byck's Department Store (Byck's), following a bench trial in this action commenced by Warren alleging racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. The district court concluded that Warren had failed to present any evidence to rebut the legitimate and nondiscriminatory business justifications advanced by Byck's to countervail her charges of racial discrimination.
 
 
 2
 A district court's factual determination that a plaintiff was not subjected to discriminatory treatment can be disturbed upon appellate review only if it is clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); accord Ford v. Nicks, No. 88-5260, slip op. at 10 (6th Cir. January 30, 1988); Sewell v. Jefferson County Fiscal Court, 863 F.2d 461, 466-67 (6th Cir.1988).
 
 
 3
 On appeal, Warren has also suggested that the district court abused its discretion in granting a protective order on November 2, 1987, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, striking appellant's motion for interrogatories, admissions and production of documents. It is well established that the district court possesses broad discretion in controlling the conduct of discovery requests made by the parties, and that a district court's "use of protective orders is clearly within the discretion of the trial judge." Chemical & Indus. Corp. v. Druffel, 301 F.2d 126, 129 (6th Cir.1962); accord H.K. Porter Co. v. Goodyear Tire & Rubber Co., 536 F.2d 1115, 1119 (6th Cir.1976). See generally 8 C. Wright & A. Miller, Federal Practice and Procedure Secs. 2035, at 260 and 2036, at 267-68 (1970).
 
 
 4
 Upon review of the appellant's assignments of error, the record in its entirety, the briefs of the parties and the arguments of counsel, this court concludes that the district court's factual determination that the appellant had failed to rebut the legitimate, nondiscriminatory explanation proffered by Byck's for her termination was not clearly erroneous, and that the district court did not abuse its discretion by its decision to grant a protective order in favor of Byck's pursuant to Rule 26(c) in light of the egregious dilatory tactics of the plaintiff and her counsel before the district court and before this court in prosecuting her action before both forums.
 
 
 5
 Accordingly, the judgment granted in favor of Byck's is AFFIRMED for the reasons stated in the district court's Findings of Fact, Conclusions of Law and Judgment of November 17, 1987. Finally, this court takes notice of the total disregard on the part of plaintiff's counsel for this court's rules of practice and procedure and, although it does not elect to impose sanctions in this instance, it admonishes counsel to be more attentive to professional codes of conduct in the future.