945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Adika MENSAH, Plaintiff-Appellant,
v.
Wayne SHEPARD, Defendant-Appellee.
 No. 91-1373.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1991.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Adika Mensah, a/k/a Dennis Tolbert, a Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Seeking damages and declaratory relief, Mensah sued Shepard, a correctional officer at the Huron Valley Mens' Facility, in his official and individual capacities. He alleged that Shepard denied him his first amendment right of access to the courts on February 27, 1988 and March 4, 1988, when he prohibited Mensah from giving legal materials to his visitors in his attempt to find an attorney to represent him.
 
 
 3
 Following a bench trial, the district court dismissed the action, finding that Mensah had stated no cause of action. Mensah has filed a timely appeal, asserting: (1) that the district court erred in concluding that he had not stated a claim for denial of access to the courts; and (2) that the district court erred in not granting his request for a jury trial, which was set forth in his amended complaint.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Mensah's action for the reasons stated by the court following the bench trial. The district court's findings of fact are not clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985).
 
 
 5
 Furthermore, the district court judge did not err when he held a bench trial. Although Mensah's amended complaint contained a timely request for a jury trial, Mensah waived his right to a jury trial by failing to object to the district court's pretrial order scheduling a bench trial. A litigant waives his or her right to a jury trial, even after making a timely demand for a jury trial, by failing to object to a district court's written pretrial order providing for a bench trial. Sewell v. Jefferson County Fiscal Court, 863 F.2d 461, 464-65 (6th Cir.1988), cert. denied, 110 S.Ct. 75 (1989).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.