961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry ULRICH, Jr., et al., Plaintiffs-Appellees,
v.
THE GOODYEAR TIRE AND RUBBER COMPANY, Defendant-Appellant.
 No. 91-3408.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1992.
 
 Before MERRITT, Chief Judge, and SUHRHEINRICH and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs are former supervisory employees of Motor Wheel Corp., a subsidiary of defendant, The Goodyear Tire and Rubber Company. The employees were once members of the bargaining unit, but were transferred to salaried positions outside of the bargaining unit. Thus, for a period of time, they were inactive members of the union and paid no dues while in these positions.
 
 
 2
 When Goodyear attempted to sell the subsidiary, these employees wanted to preserve their positions with Goodyear by returning to the bargaining unit, but Goodyear would not allow them to do so. When Goodyear finally effected the sale of the subsidiary, the plaintiffs became the employees of the new owner.
 
 
 3
 The employees then filed this suit under § 301 of the Labor Management Relations Act (29 U.S.C. § 185). In the original action, the district court granted Goodyear's motion for dismissal under Fed.R.Civ.P. 41(b) with respect to the § 301 claim, but dismissed without prejudice the state claims for breach of employment contract and promissory estoppel. An appeal was taken by Goodyear from that judgment, and this court in Ulrich v. The Goodyear Tire and Rubber Co., 884 F.2d 936 (6th Cir.1989), remanded the case for certain findings, as we previously determined that the state claims were preempted by § 301. After further findings by the district court on remand, the employees appealed. For reasons stated herein, we now AFFIRM the judgment of the district court.
 
 
 4
 On remand, the district court did not conduct a new trial, but considered the evidence from the previous trial, plus briefs and arguments by counsel. In accordance with the decision of this court, it made its findings.
 
 
 5
 First, the court held that the employees were not members of the bargaining unit and, hence, were not parties to the terms of the collective bargaining agreement. Even if they were parties to the agreement, the court found that the agreement did not define the rights of the employees to return to the bargaining unit after having become a member of management.
 
 
 6
 Then, the district court had to determine whether there was an oral contractual right or promissory estoppel claim as a matter of federal common law. It found that there was no oral contract for the right of the employees to return to the bargaining unit, because such contract "defies specificity and exactness sufficient for the court to properly construe or enforce it." Thus, it found that there was no contract, oral or written, upon which the plaintiff could recover.
 
 
 7
 The final analysis was whether plaintiffs could recover under a promissory (or equitable) estoppel theory, as explained in Apponi v. Sunshine Biscuits, Inc., 652 F.2d 643 (6th Cir.1981). In following Apponi, the district court found that the plaintiffs had met the first four elements required, but failed to prove the fifth element, that is, that the plaintiffs detrimentally and justifiably relied upon the promises made by Goodyear. Instead, those employees benefitted from the salaried and supervisory positions.
 
 
 8
 These findings of the elements under the Apponi test are findings of fact and will not be disturbed by this court, unless they are clearly erroneous. Fed.R.Civ.P. 52(a). The question of whether there was an oral contract is also one of fact and, again, should not be set aside unless clearly erroneous.
 
 
 9
 Despite what the plaintiffs have contended, that the promises by Goodyear regarding the return to line worker positions were independent and were not covered by the collective bargaining agreement, these promises were subsumed by the agreement, as this court previously held in Ulrich. Thus, if there was arguably any contractual right, it was found in Article X of the collective bargaining agreement. The language in subsection (b)(3) states: "If an employee in a supervisory or other position outside the bargaining unit returns to a job within the bargaining unit ... he shall be credited with his total seniority and the privileges that accrue thereto."
 
 
 10
 The remedy for such employees who decide to return to a line worker position are set out in Article V of the collective bargaining agreement, which provides a three-step grievance procedure, with a final step calling for arbitration. As the grievance mechanism is the remedy for which the parties bargained, it is the appropriate relief provided by the collective bargaining agreement. Perhaps the arbitrator would find that the supervisory employees have no rights under the collective bargaining agreement, but that is not to be determined initially by this court, although the district court found that they were not parties to the agreement.
 
 
 11
 The plaintiffs, however, do not seek to invoke the grievance procedure but rather seek damages, and counsel for the plaintiffs made it clear at oral argument that he had not sought to invoke the grievance procedure. It appears to this court that the appropriate relief would be through the grievance procedure. Nevertheless, if this action in court is the appropriate procedure, the district court's findings were not clearly erroneous.
 
 
 12
 The final claim of error by the plaintiffs is that the district court erred by refusing their demand for a jury trial. However, the demand for a jury trial was not timely filed under Fed.R.Civ.P. 38(b). The trial by the court was held before the first appeal. It was not until after remand that the plaintiffs demanded a jury trial, which is now allowed in a § 301 case under Teamsters v. Terry, 494 U.S. 558 (1990). However, as there was no further trial upon remand but, instead, the court followed the directions of this court in making its findings, we do not find any abuse of discretion by a refusal to grant a jury trial under the circumstances. See Sewell v. Jefferson County Fiscal Court, 863 F.2d 461 (6th Cir.1988), cert. denied, 493 U.S. 820 (1989).
 
 
 13
 Therefore, the decision of District Judge Sam H. Bell is AFFIRMED.