16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 LEND LEASE TRUCKS, INC., Plaintiff-Appellee,
v.
James V. MAYS; Patsy Mays, Defendants-Appellants.
 No. 93-5950.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1994.
 
 Before: MARTIN AND BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 These pro se litigants, James and Patsy Mays, appeal a district court judgment in favor of Lend Lease Trucks, Inc. ("Lend Lease"). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mr. and Mrs. Mays were corporate officers in Sun Up Foods, Inc. ("Sun Up"). Sun Up entered into a truck lease and service agreement with Lend Lease. Sun Up defaulted on the lease and, to avoid a contract action, executed a $93,220.19 promissory note to Lend Lease. At the same time, James and Patsy Mays executed a personal guaranty in which each agreed to guaranty all of Sun Up's debts to Lend Lease.
 
 
 3
 Not long thereafter, Lend Lease declared Sun Up in default pursuant to the terms of the promissory note and brought an action for breach of contract. Sun Up filed for bankruptcy and, pursuant to the automatic stay provision, Lend Lease suspended activity on its collection action. Instead, Lend Lease brought suit alleging that Mr. and Mrs. Mays failed to honor their obligation under the terms of the guaranty.
 
 
 4
 A bench trial was conducted on March 3, 1993. Lend Lease was awarded a judgment against James and Patsy Mays in the amount of $127,612.53 and attorney's fees in the amount of $13,046.08.
 
 
 5
 On appeal, the Mays raise three arguments. First, they contend that Lend Lease's complaint arose from the same transaction that gave rise to a similar complaint against Sun Up and, therefore, is somehow improper. Second, the Mays disagree with the district court's conclusion that there was insufficient evidence to establish an enforceable agreement between Lend Lease, the Mays and a trucking firm named R.E. West, Inc. Finally, the Mays believe that the district court improperly ignored their demand for a jury trial.
 
 
 6
 Upon review, we find no error. The Mays' first allegation of error is that Lend Lease's claim against them on the guaranty is barred because it arises from the same facts and circumstances giving rise to Lend Lease's action against Sun Up.
 
 
 7
 As a general rule, the release or discharge of the principal obligor also discharges the guarantor unless the right of recourse against the guarantor is expressly reserved in the guaranty agreement. United States v. Tharp, 973 F.2d 619, 623 (8th Cir.1992). In this case, the principal had not been released or discharged, and the guaranty agreement expressly reserved the right of recourse against the Mays as guarantors.
 
 
 8
 The Mays' second allegation of error is that the district court clearly erred in finding that no enforceable agreement abrogating their performance on the guaranty existed. Where there are two permissible views of the evidence, the factfinder's choice in a bench trial cannot be held clearly erroneous. McGhee v. Foltz, 852 F.2d 876, 880 (6th Cir.1988). The record clearly reveals that the district court reached a conclusion based on a permissible view of the evidence and the conclusion was not clearly erroneous.
 
 
 9
 The Mays' final allegation of error is that the district court denied them the right to a trial by jury. More specifically, they argue that the district court improperly disregarded their demand for a jury trial. The Mays asked for a trial by jury in the last sentence of their Traverse to Plaintiff's Memorandum for Summary Judgment.
 
 
 10
 Assuming for the moment that the Mays demanded a trial by jury in accordance with Fed.R.Civ.P. 38, we conclude that they subsequently waived a jury trial. The standard for determining whether there has been a waiver of a jury trial is set forth in Fed.R.Civ.P. 39(a). Sewell v. Jefferson County Fiscal Court, 863 F.2d 461, 464-65 (6th Cir.1988), cert. denied, 493 U.S. 820 (1989). The rule provides that:
 
 
 11
 The trial of all issues so demanded shall be by jury, unless ... the parties or their attorneys of record, by written stipulation or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury....
 
 
 12
 Rule 39(a) has been interpreted so as to include orders entered by the court to which the party does not object. Id. at 464.
 
 
 13
 In the immediate case, the Mays mentioned their desire to have the issues tried by a jury only once. Their demand was never raised again. Thereafter, while represented by counsel, the Mays fully participated in the bench trial without objection. Their failure to object waived their right to a jury trial. Id. at 465. They cannot now be heard to complain.
 
 
 14
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.