**Eric W. JOHNSON, Plaintiff–Appellant,**

v.

**CITY OF LOUISVILLE; David L. Armstrong; Jerry E. Abramson; Milton Doheny; Robert White; Greg Smith, Defendants–Appellees.**

No. 03–5964.

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2004.

**830**

Before SUTTON and COOK, Circuit Judges; and ROSEN, District Judge.[*]

*ORDER*

Eric W. Johnson, a Kentucky resident, appeals a district court order dismissing his civil suit filed pursuant to 42 U.S.C. §§ 1983 and 1985. Named as defendants are the City of Louisville, Kentucky; Mayor Jerry Abramson; former Mayor Dave Armstrong; former Deputy Mayor Milton Doheny; Chief Robert White; and former Chief Greg Smith. The parties have expressly waived oral argument, and this

panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Johnson is employed by the City of Louisville Police Department and the Louisville Metro Police Department with the rank of Sergeant. In his complaint, Johnson alleged that the defendants deprived him of his First Amendment rights. Specifically, Johnson alleged that on July 23, 2001, he was passed over for a promotion to Lieutenant within the ranks of the City of Louisville Police *Haithcock v. Frank*, 958 F.2d 671 (6th Cir.1992); *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505 (6th Cir. 1991). The second arises where there exists a longstanding and demonstrable policy of discrimination. *Alexander v. Local 496, Laborers' Int'l Union*, 177 F.3d 394 (6th Cir.1999); *Dixon v. Anderson*, 928 F.2d 212 (6th Cir.1991). Neither of these categories applies in this case.

■ Johnson's claim that the defendants violated his First Amendment rights by imposing a five-day suspension fails because Johnson has not proved that he had a protected property interest at stake in his suspension. For a plaintiff to prevail under § 1983, he must allege and ultimately prove that he was deprived of a right secured to him by the United States Constitution or laws of the United States. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Brotherton v. Cleveland*, 923 F.2d 477, 479 (6th Cir.1991). In his complaint, Johnson readily admits that the disciplinary action taken against him by former-Chief Smith was reversed by Chief White. This reversal resulted in Johnson's lost pay being restored. Clearly, Johnson has not suffered any deprivation of property. The fact that he was initially suspended does not demonstrate deprivation of a

[*] The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

property interest for purpose of a § 1983 action because the disciplinary action was reversed. *See, e.g., Sewell v. Jefferson County Fiscal Court,* 863 F.2d 461, 467 (6th Cir.1988).

Finally, Johnson's § 1985 claim fails. Johnson alleged that the defendants conspired to discipline him in contravention of Johnson's First Amendment rights and § 1985. Again, however, Johnson readily admits that he filed a grievance over his five-day suspension with Chief White, that resulted in Johnson's lost pay being restored. As Johnson has been compensated for his alleged injury, there is no further remedy available to Johnson. Consequently, Johnson has failed to state a claim upon which relief may be granted and his § 1985 claim was properly dismissed.

Accordingly, the district court's order should be affirmed.