898 F.2d 154
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randy Lauren SWIFT; John Roy Jankowski; Robert Lee
Galliton; Richard J. Greenwood; Jerry Eugene
Thompson; Yusuf Hakim El-Amin, also
known as Joe Givens,
Plaintiffs-Appellants,
v.
COUNTY OF MUSKEGON; David Bringedahls; John Campbell;
Harry J. Pennington; Robert L. Carter; Robert Baker;
Muskegon County Sheriff Department; Muskegon County
Commissioners, Defendants-Appellees.
 No. 89-1951.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.*
 
 ORDER
 
 1
 The plaintiffs move for counsel on appeal from the district court's judgment in favor of the defendants after a bench trial in this prisoners' civil rights case. 42 U.S.C. Sec. 1983 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiffs were prisoners or pretrial detainees at the Muskegon County, Michigan jail during 1985. The defendants are the county and various county officials. In their complaints, the plaintiffs alleged that various conditions of confinement at the jail violated their constitutional rights. After a bench trial, the district court granted judgment to the defendants.
 
 
 3
 The defendants argue that the appeal should be dismissed for the failure of the plaintiffs to file the transcript. See Fed.R.App.P. 10. The general rule is that the appellate court can dismiss an appeal for failure to file the transcript. Drybrough v. Ware, 111 F.2d 548, 550 (6th Cir.1940). However, dismissal is not warranted where the appellee is not prejudiced and there is no evidence that the appellant acted in bad faith. Island Creek Coal Co. v. Local Union No. 1827, UMW, 568 F.2d 7, 8 (6th Cir.1977). If the appeal is not dismissed, the court can proceed to such review as the record will allow. United States v. One Motor Yacht Named Mercury, 527 F.2d 1112, 1113 (1st Cir.1975). Issues involving the sufficiency of the evidence cannot be raised; instead, the court can examine issues of law. 527 F.2d at 1113-14.
 
 
 4
 Here there is no evidence of bad faith on the part of the plaintiffs. Therefore, we will not dismiss the appeal. However, the sufficiency of the evidence and other evidentiary questions cannot be considered absent the transcript. We will consider the questions of law raised by the plaintiffs.
 
 
 5
 The plaintiffs alleged that their appointed counsel did not adequately prepare for the case. The defendants correctly note that ineffective assistance of counsel is not a valid issue in a civil case. The plaintiffs also raise an issue concerning punitive damages. However, their request for punitive damages cannot be heard because the plaintiffs were not victorious on the issue of liability.
 
 
 6
 Finally, the plaintiffs argue that they should have been granted a jury trial. Plaintiff Jankowski did include a request for a jury trial in his complaint. However, appointed counsel agreed to a bench trial, and this agreement was included in the pretrial order in the case. When Jankowski moved for a jury trial prior to the bench trial, the district court denied the motion. The court also subsequently denied a motion for a mistrial based on the same issue.
 
 
 7
 This court has recently held that a litigant waives his or her right to a jury trial, even after making a timely demand, by failing to object to a district court's written pretrial order providing for a bench trial. Sewell v. Jefferson County Fiscal Court, 863 F.2d 461, 464-65 (6th Cir.1988), cert. denied, 110 S.Ct. 75 (1989). Moreover, objection at the commencement of the bench trial does not serve to reinstate the right to a jury trial. 863 F.2d at 465-66.
 
 
 8
 The present case is controlled by these rulings. Jankowski did not object to the pretrial order, and his objection before trial did not serve to reinstate his right to a jury trial. Therefore, the jury trial issue lacks merit.
 
 
 9
 Accordingly, the motion for the appointment of counsel is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 John W. Peck, Senior Circuit Judge, U.S. Sixth Circuit Court of Appeals, sitting by designation