23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael T. McGEE, Plaintiff-Appellant,
v.
Reginald WILKINSON, et al., Defendants-Appellees.
 No. 93-4259.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Michael McGee, a pro se Ohio prisoner incarcerated at the Trumbull Correctional Facility (TCI), appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, McGee sued Voinovich (Governor of Ohio), Wilkinson (Director of the Ohio Department of Rehabilitation and Corrections), Schotten (Warden at TCI), Guessling and Warye (Deputy Wardens at TCI), and Shaw and Williams (both TCI correctional officers). His complaint is construed as suing the defendants in their individual and official capacities. He alleged that the defendants violated his Eighth Amendment rights and were involved in a conspiracy to overcrowd Ohio prisons making them unsafe, which resulted in his being stabbed by another inmate in April 1993.
 
 
 3
 The district court construed defendants' motion to dismiss as one for summary judgment and granted summary judgment in favor of the defendants on all of McGee's claims.
 
 
 4
 On appeal, McGee's brief is construed as arguing those claims which he raised in the district court. For the first time on appeal, McGee makes vague allegations that the defendants denied him access to the courts and that his case should not have been dismissed by the district court without first allowing for discovery.
 
 
 5
 Initially, it is noted that with regard to McGee's access to the courts claim raised in his brief on appeal, the court normally will not address an issue not raised for the first time in the district court unless exceptional circumstances apply. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). No such circumstances are present in this case.
 
 
 6
 It is also noted that to the extent McGee sued the defendants in their official capacities for monetary damages, the state officials sued are not subject to suit for monetary relief under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989).
 
 
 7
 Upon review, we conclude that summary judgment was properly granted in favor of the defendants because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 8
 The legal standard applicable to determining whether a violation of the Eighth Amendment occurred in the context of an assault upon a prisoner is whether the defendant's conduct amounted to "deliberate indifference" to a risk of injury to the plaintiff. Nelson v. Overberg, 999 F.2d 162, 165 (6th Cir.1993). McGee has not shown that the defendants were deliberately indifferent to his safety. His allegations lack the requisite material facts and specificity necessary to sustain a conspiracy claim. Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 9
 With regard to McGee's argument that the district court improperly denied discovery, we conclude that the district court did not abuse its discretion in granting defendants' summary judgment motion without allowing discovery to take place. See Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc., 936 F.2d 889, 893 (6th Cir.1991).
 
 
 10
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.