**Donnell A. JACKSON, Plaintiff–Appellant,**

**v.**

**Cliff GILL; Kenny Pots; Bill Adams, Defendants–Appellees.**

**No. 03–5045.**

United States Court of Appeals, Sixth Circuit.

Feb. 3, 2004.

Donnell A. Jackson, pro se, Paducah, KY, for Plaintiff–Appellant.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

*ORDER*

Donnell A. Jackson, a Kentucky prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Jackson sued three McCracken County Jail officials (Cliff Gill, Kenny Pots, and Bill Adams) alleging that the defendants refused to give him large envelopes that he owned. According to Jackson, the envelopes were sent to him for the purpose of mailing documents regarding his pending cases before the court. When Jackson requested his envelopes from defendant Pots, one of the mail room staff at the jail, defendant Pots refused to give them to him, apparently acting under the orders of defendant Gill. When Jackson requested the envelopes from Jeff Brown, a corrections officer, he too denied Jackson's request. Consequently, Jackson supposedly could not mail his legal mail. Jackson sued the defendants in their official capacities.

The district court dismissed the complaint pursuant to 28 U.S.C. § 1915A(b)(ii) for failure to state a claim upon which relief may be granted. This timely appeal followed.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). The Prison Litigation Reform Act requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b).

In reviewing a dismissal of a complaint for failure to state a claim, this court must accept all well-pleaded factual allegations as true. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998). "... [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Upon review, we conclude that the district court properly dismissed Jackson's complaint against defendant Adams. Adams is a supervisor at the jail. This court has repeatedly held that liability of supervisory personnel under § 1983 must be based on something more than the right to control the actions and conduct of subordinate employees. *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984) (citing *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 872 (6th Cir.1982)). A party cannot be held liable under § 1983 absent a showing that the party acquiesced in the allegedly unconstitutional conduct. *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1246 (6th Cir.1989). Jackson has not alleged facts establishing that defendant Adams was personally involved in the activity which forms the basis of his claims.

■ The district court properly held that Jackson failed to state an access to the courts claim. Prisoners have a constitutional right of meaningful access to the courts to attack their sentences or challenge conditions of confinement. *Lewis v. Casey,* 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). To state a claim for denial of access to the courts, a prisoner must demonstrate actual prejudice to pending or contemplated litigation. *Lewis,* 518 U.S. at 351. Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *See id.; Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir. 1985).

Jackson alleges that he could not mail his legal mail because he was refused access to his big envelopes. He did not allege what his legal mail was, or that he had a case dismissed, was prevented from filing a complaint, or missed a legal deadline. Indeed, the record reflects that the district court received all of Jackson's pleadings and other submissions in this case and another civil rights case filed simultaneously with this case. Because Jackson failed to allege any actual prejudice to protected litigation, Jackson has no access to the courts claim. *See Lewis,* 518 U.S. at 351.

■ Finally, to the extent that Jackson complained solely about the deprivation of his property, the district court properly held that Jackson failed to state a due process claim. A prisoner claiming an unauthorized, intentional deprivation of property in violation of the Due Process Clause must show that state post-deprivation remedies are inadequate. *Hudson v. Palmer,* 468 U.S. 517, 531–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995). Jackson failed to allege that his state post-deprivation remedies were inadequate. *See Hudson,* 468 U.S. at 531–33; *Copeland,* 57 F.3d at 479.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.