# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2739

_____

Matthew K. Holleran,                            *
                                                *
          Appellant,                            *
                                                *
Kenneth Gibson; Andrew Bachelor;                *
Gary J. McMullin,                               *
                                                *
          Plaintiffs,                           *
                                                *
     v.                                         *  Appeal from the United States
                                                *  District Court for the
Mike Baker, Sheriff; Chris Allen, Jail          *  Eastern District of Missouri
Administration; Fred Vahle, Chief               *
County Commissioner; Arden                      *     [UNPUBLISHED]
Engelage, County Commissioner; Ken              *
McLaughlin, County Commissioner,                *
                                                *
          Appellees,                            *
                                                *
Unknown Hoffman, Warren County                  *
Sheriff's Department Major,                     *
                                                *
          Defendant,                            *
                                                *
John Doe; Jane Doe,                             *
                                                *
          Appellees.                            *

_____

Submitted:  July 30, 2004
    Filed:  September 15, 2004

_____

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.
_____

PER CURIAM.

Michael Holleran appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri dismissing his 42 U.S.C. § 1983 complaint. For reversal, appellant argues that the district court erred in dismissing the complaint. For the reasons discussed below, we affirm the judgment of the district court.

Holleran brought this complaint on April 30, 2003, naming six defendants and "several unknown John Does and Jane Does," and alleging civil rights violations arising out of his incarceration at the Warren County Jail (Jail). Specifically, he alleged that some defendants denied him access to the courts. Also, he was locked down for twenty-three hours a day without receiving a conduct violation, and when he told defendant "Mr. Hoffman," a Warren County Sheriff's Department officer, on the first night he was locked down that he intended to sue the Jail, Hoffman placed the entire pod on lock-down and stated that "as long as [they] were locked down, [they] couldn't sue."

The district court dismissed the court-access claims under 28 U.S.C. § 1915(e)(2)(B), but ordered service on defendant Hoffman as to the lock-down claim. A summons was issued; however, it was returned unexecuted because Hoffman was no longer employed with the Warren County Sheriff's Department. The district court notified Holleran about the failed attempt to serve Hoffman, and directed him to provide the district court clerk with Hoffman's correct address within ten days. Holleran failed to do so, and on July 30, the court dismissed the claim

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

against Hoffman without prejudice under Fed. R. Civ. P. 4(m) for lack of timely service of process. This timely appeal followed.

Upon de novo review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam), we affirm. First, we find that the district court properly dismissed the court-access claims, because Holleran failed to allege an actual injury, i.e., that a "nonfrivolous legal claim had been frustrated or was being impeded." See Lewis v. Casey, 518 U.S. 343, 351-53 (1996). Second, we find no abuse of discretion in the district court's dismissal without prejudice of the complaint against Hoffman, because Holleran failed to comply with the court's order directing him to provide Hoffman's correct address within ten days. See Fed. R. Civ. P. 41(b) (district court may dismiss action if plaintiff has failed to prosecute, or has failed to comply with procedural rules or any order of court); Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998). Finally, we find that the district court did not abuse its discretion in denying appointment of counsel. See Edgington v. Mo. Dep't of Corr., 52 F.3d 777, 780 (8th Cir. 1995).

Accordingly, we affirm.

_____