**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0104n.06
Filed: February 8, 2007

**No. 04-2232**

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CAMERON FITTS, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| KATHY SICKER, LT. CANNON, MILLER | ) | **O P I N I O N** |
| THOMAS, FRED HOGLE, ROSALIE LEE, AND | ) | |
| RICKEY COLEMAN, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

**BEFORE:** **MERRITT and MOORE, Circuit Judges; COLLIER, District Judge.**[*]

**CURTIS L. COLLIER, District Judge.** Plaintiff-Appellant Cameron Fitts ("Fitts") appeals several issues including (1) the district court's order denying Fitts' motion in limine and request for a temporary restraining order ("TRO"); (2) the district court's order denying several of Fitts' verbal motions; (3) the jury verdict in favor of Defendants Sicker, Cannon, and Coleman; (4) the district court's order transferring the case to the Western District of Michigan; (5) an unexplained matter regarding his indigent status and the fact he was permitted to file this cause of action with *in forma pauperis* ("IFP") status in the Eastern District of Michigan in 2001; (6) denial of access to the courts; (7) the district court's order denying Fitts' appeal of a magistrate judge's order denying Fitts' request

---

[*]The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

to re-serve Defendant Debra Watkins; and (8) the district court's order dismissing Fitts' count II claims as to Defendants Thomas, Hogle and Lee.

Defendant-Appellee Coleman ("Coleman") challenges Fitts' right to have these issues considered because he contends this appeal is barred by the three-strikes rule and Fitts' failure to file transcripts to support his arguments. We **DENY** Coleman's motion and will consider Fitts' appeal. Because Fitts' claims are either not reviewable on appeal or are without merit, we **AFFIRM** the district court's rulings.

## I.  FACTS AND PROCEDURE

Fitts, proceeding *pro se*, commenced this action by filing his original complaint in the Eastern District of Michigan on July 9, 2001. The complaint contained two counts, asserting civil rights claims under 42 U.S.C. § 1983 against Michigan Department of Corrections ("MDOC") personnel in connection with events that occurred at the Ionia Maximum Correctional Facility in 1998 and 1999. In count I, Fitts alleges Defendants Kathy Sicker ("Sicker"), Lt. Cannon ("Cannon") and Dr. Rickey Coleman were deliberately indifferent to his serious medical needs on April 1, 1999, denying him his Eighth Amendment right to freedom from cruel and unusual punishment. In count II, Fitts alleges his right to medical privacy was infringed on October 2, 1998, when Defendant Debra Watkins ("Watkins") stated in a loud voice that Fitts had AIDS (Acquired Immunodeficiency Syndrome). Defendants Miller Thomas ("Thomas"), Fred Hogle ("Hogle"), and Rosalie Lee ("Lee") are said to be liable for this privacy violation because they failed to discipline Watkins for her misconduct.

Several dispositive motions were filed in this case. On September 4, 2001, Defendants

Hogle, Lee, Thomas, and Sicker moved to dismiss the complaint based on Fitts' failure to exhaust administrative remedies and qualified immunity. On September 18, 2001, Fitts filed a motion to amend the complaint, attaching documents proving he had exhausted all administrative remedies. On October 3, 2001, Defendant Cannon filed a motion to dismiss on the basis of qualified immunity. On December 13, 2001, Fitts filed a motion for summary judgment as to his claim against Defendant Coleman. On January 4, 2002, Fitts filed a Motion for Sanctions against defense counsel because defense counsel's legal secretary falsely stated, in writing, that she mailed certain documents to Fitts on November 21, 2001 when the post-mark date on the documents was December 16, 2001. Responses were filed to all motions and on August 21, 2002 Magistrate Judge Wallace Capel issued a Report and Recommendation ("R&R") recommending that Defendants'[1] motion to dismiss be granted and Fitts' summary judgment motion be denied. Fitts filed timely objections to the report and recommendation.

On September 24, 2002, United States District Judge Denise Page Hood issued an order rejecting the R&R, denying Defendants' motion to dismiss, granting Fitts' motion to amend the complaint, denying Defendant Cannon's motion to dismiss, denying Fitts' motion for summary judgment and motion for sanctions, and referring all pretrial proceedings to Magistrate Judge Capel. Defendants Hogle, Lee, and Thomas filed a motion for rehearing or reconsideration, which was denied by the court. On October 18, 2002, Defendants Hogle, Lee, Thomas, and Sicker filed a motion for summary judgment arguing there was no genuine issue of material fact and reasserting

---

[1]"Defendants" is being used collectively to refer to all the named defendants in this case.

their entitlement to qualified immunity. They also moved for dismissal based on Fitts' failure to state a claim. On December 5, 2002, Defendants Cannon, Hogle, Lee, Thomas, and Sicker filed a motion to dismiss for lack of venue and due to the three-strikes provision of 28 U.S.C. § 1915(g). Defendant Coleman filed a motion on these grounds as well on January 2, 2003 and January 3, 2003. Magistrate Judge Capel issued another R&R recommending the complaint be dismissed pursuant to the three-strikes provision in 28 U.S.C. § 1915(g), and, alternatively, for improper venue pursuant to 28 U.S.C. §§ 1391(b) and 1404(a). Fitts filed objections stating the court had previously denied Defendants' motion to dismiss based on qualified immunity, finding that Fitts had stated a claim in his complaint. Judge Hood issued an order accepting in part and rejecting in part the magistrate judge's R&R and transferring the action to the Western District of Michigan. The court also held Defendants' motion to dismiss and motion for summary judgment to be moot and stated Defendants could renew the motion in the Western District of Michigan.

After the transfer, Defendants filed four additional dispositive motions. Defendant Coleman filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b), a motion to dismiss due to the three-strikes provision of 28 U.S.C. § 1915(g), and a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Defendants Cannon, Hogle, Lee, Sicker and Thomas also filed a motion for judgment on the pleadings. Magistrate Judge Greeley issued a R&R recommending all four motions be denied. The court issued an order of partial dismissal adopting the R&R, which in effect denied all of the defendants' motions, and dismissed without prejudice the count II claim against Watkins.

On August 5, 2004, a final pretrial conference was held, where the court questioned the

viability of Fitts' count II claims.  In its August 18, 2004 order on pretrial motions, the court ordered

Fitts to file a brief outlining the legal bases for the count II claims.  Fitts timely filed the required

brief.  On September 10, 2004, the court issued an order of partial dismissal, dismissing the count

II claims as to Defendants Thomas, Hogle, and Lee, finding qualified immunity and failure to state

a claim.

The remaining claims were brought to trial on September 28, 2004, and the jury returned its

verdict on October 5, 2004.  A judgment in favor of Defendants Sicker, Cannon, and Coleman was

entered on October 5, 2004.  Fitts entered a notice of appeal on October 6, 2004.  Fitts, on several

occasions, requested transcripts from the district court, but an order was entered on April 22, 2005,

denying his requests for transcripts and copies at the government's expense.

## II.  ANALYSIS

A.      **Coleman's[2] Arguments**

As indicated above, Coleman challenges Fitts' right to maintain this appeal.  Therefore,

before addressing the issues presented by Fitts, this Court will address the arguments presented by

Coleman.  Coleman argues this Court cannot hear any of Fitts' issues due to the three-strikes rule

and Fitts' failure to file transcripts.

1.      **Three-Strikes Rule**

A prisoner is precluded from proceeding with *in forma pauperis* status to appeal a judgment

in a civil case if the prisoner has, on three or more prior occasions, while incarcerated or detained

---

[2]Although there are other appellees-defendants in this case, only Defendant Coleman filed an appellate brief.

at any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g) (2006). This prohibition is commonly referred to as the three-strikes rule. An exception to the three-strikes rule exists where the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Further, the rule does not serve as a complete bar to prisoners filing lawsuits; rather, if a prisoner with three strikes wishes to file a suit or appeal, he must now do so at his own expense. *Jones Bey v. Johnson*, 407 F.3d 801, 809 n. 8 (6th Cir. 2005).

Coleman argues seven cases filed by Fitts and later dismissed constitute strikes. Two of these cases, *Cameron Fitts v. Thomas Phillips*, *et al.*, No. 97-cv-60059 and *Cameron Fitts v. Sandra Monroe*, 01-cv-10001, were dismissed for failure to state a claim upon which relief can be granted. Thus, these cases count as two strikes against Fitts.

The remaining cases listed by Coleman were dismissed for lack of jurisdiction. Although lack of jurisdiction is not listed under § 1915 as constituting a strike, Coleman cites *Anderson v. Sundquist*, 1 F. Supp. 2d 828 (W.D. Tenn. 1998) as authority that dismissals for lack of jurisdiction constitute strikes under § 1915. The court made reference to dismissals due to lack of jurisdiction as it was trying to determine the number of strikes against the prisoner in that case. The court noted, "appellate dismissals for lack of jurisdiction also count, as a case or appeal that is devoid of jurisdiction is plainly frivolous." *Anderson*, 1 F. Supp. 2d at 830. This Court, however, has never held that cases dismissed for lack of jurisdiction constitute a strike under § 1915. Moreover, Coleman has failed to provide adequate documentation for this Court to evaluate these prior dismissals. Therefore, none of these cases constitute a strike. Because Fitts only has two strikes

under § 1915, this appeal cannot be dismissed pursuant to the three-strikes rule.

###### 2. Failure to File Transcripts

Coleman argues the appeal should be dismissed due to Fitts' failure to file the transcripts. *See generally* Fed. R. App. P. 10. An appellate court can dismiss an appeal for failure to file the transcripts. *Swift v. County of Muskegon*, No. 89-1951, 1990 WL 25806, *1 (6th Cir. March 12, 1990); *Drybrough v. Ware*, 111 F.2d 548, 550 (6th Cir. 1940). Nonetheless, if the appellee is not prejudiced and there is no evidence the appellant acted in bad faith, dismissal is not warranted. *Swift*, 1990 WL 25806 at *1; *Island Creek Coal Co. v. Local Union No. 1827 of UMW*, 568 F.2d 7, 8 (6th Cir. 1977). In instances where the appeal is allowed to go forward, the court should proceed to such review as the record allows. *Id*. *But see Creasy v. Jones*, No. 97-5752, 1998 WL 384584, *1-2 (6th Cir. June 19, 1998) (holding none of plaintiff's issues was reviewable since they concerned rulings made during trial and transcripts were unavailable). Without the transcripts of proceedings, the court can restrict the review to the district court's application of the relevant law. *Id*.

Although Coleman argues the appeal should be dismissed, he has not argued he was prejudiced by the absence of the transcripts. Further, there is no evidence Fitts acted in bad faith by not producing the transcripts. In fact, the record reflects Fitts requested transcripts from the trial court, but his requests were denied. Therefore, this Court is permitted to proceed on such review as the record allows. *Swift*, 1990 WL 25806 at *1; *Island Creek Coal Co.*, 568 F.2d at 8. However, without transcripts the Court is unable to review these claims.

#### B. Order Denying Fitts' Motion in Limine and TRO

This Court is unable to review Fitts' claim regarding the district court's denial of his motion

for a TRO to return his legal work and to stop alleged shower assaults against him. Although the district court issued an order denying the motion, the order does not explain the reasons for the denial. Instead, it states, "for the reasons more fully set forth on the record during the hearing, the Court makes the following rulings . . . " *See* District Court Docket Entry 185 at 1 (Order on Pretrial Motions). The court denied Fitts' motion in limine requesting the handcuffs and shackles be removed from his witnesses when they appeared in court in a similar fashion. *See* District Court Docket Entry 235 at 1 (Order on Pretrial Motions). Without transcripts of the relevant proceedings, this Court cannot adequately address these concerns nor can we determine if any error was made. In *Creasy*, the court affirmed the district court's rulings since none of the appellant's issues was reviewable. 1998 WL 384584 at *2. Likewise, this Court affirms the district court's rulings with respect to these claims.

**C.     Order Denying Fitts' Verbal Motions**

Likewise, this Court is unable to review the district court's denial of Fitts' verbal motions made during trial on September 29 and 30, 2004. Without the transcripts, we cannot determine what the motions concerned nor can we determine whether the district court erred in its decision. Therefore, we affirm the district court's rulings on these motions. *Creasy*, 1998 WL 384584 at *2.

**D.     Jury Verdict**

In his notice of appeal, Fitts states he is appealing the jury verdict but does not state the grounds for the appeal. In his brief, Fitts alleges the court wrongly dismissed the only black juror from the jury pool and accuses the jury of being so biased and prejudiced that they did not care about his evidence. Without transcripts of the relevant proceedings, this Court cannot adequately address

these concerns nor can we determine if any error was made. Therefore, we affirm the jury verdict.

*Creasy*, 1998 WL 384584 at *2

**E.      Order Transferring Case to the Western District of Michigan**

Although a *pro se* litigant's filings are to be construed liberally,  he must still comply with

the basic rules of the Court.  *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Creasy*, 1998 WL

384584 at *1.  Federal Rule of Appellate Procedure 28 requires the argument section of the

appellant's brief to contain the appellant's contentions and the reasons for them, with citations to the

authorities and parts of the record on which the appellant relies.  Consequently, issues not raised in

appellate briefs are deemed waived.  *Ahlers v. Schebil*, 188 F.3d 365, 374 (6th Cir. 1999);

*Thaddeus-X v. Blatter*, 175 F.3d 378, 403 n. 18 (6th Cir. 1999); *McMurphy v. City of Flushing*, 802

F.2d 191, 198-99 (6th Cir. 1986).

Although Fitts raised the order transferring the case to the Western District of Michigan as

an issue in his notice of appeal, he failed to address this issue in his appellate brief.  Because Fitts

failed to address this issue in his appellate brief, it is deemed waived.  *Schebil*, 188 F.3d at 374.

**F.      Fitts' IFP Status in the Eastern District of Michigan in 2001**

Fitts also failed to address, in his brief, any concerns with his IFP status in the Eastern

District of Michigan in 2001.  Because he failed to address this issue in his appellate brief, it is

deemed waived.  *Schebil*, 188 F.3d at 374.

**G.      Denial of Access to the Courts**

The right of access to the courts is a fundamental right protected by the United States

Constitution.  *Swekel v. City of River Rouge*, 119 F.3d 1259, 1261 (6th Cir. 1997); *Graham v. Nat'l Collegiate Athletic Ass'n*, 804 F.2d 953, 959 (6th Cir. 1986).  This right encompasses a person's right to physically access the court system and ensures the access will be "adequate, effective, and meaningful."  *Bounds v. Smith*, 430 U.S. 817, 822 (1977).  In order to state a claim for denial of access to the courts, an actual injury must be alleged.  *Harbin-Bey v. Rutte*, 420 F.3d 571, 578 (6th Cir. 2005); *Thaddeus-X*, 175 F.3d at 394.  Thus, a prisoner must show "actual prejudice to pending or contemplated litigation."  *Jackson v. Gill*, 92 Fed.Appx. 171, 173 (6th Cir. 2004); *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline.  *Harbin-Bey*, 420 F.3d at 578; *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).

Here, Fitts does not allege an actual injury occurred.  Instead, he makes generalized arguments that he was denied access to the courts because his legal papers were stored in the Ionia Maximum Correctional Facility property room and prison personnel allegedly stole most of his legal documents, attorney Michael Brady tricked him into sending orders, pleadings, and affidavits and did not return them, and Magistrate Judge Greeley denied his motions to compel discovery.  He never specifically states what documents were stolen or sent away nor does he say how the unavailability of these documents prejudiced him.  He also never points to what discovery he was denied and how it prejudiced him.  Furthermore, Fitts' case was not dismissed nor did he miss any court-imposed deadlines.  In fact, Fitts successfully challenged several of Defendants' dispositive motions, and his case eventually went to trial.  Because of these deficiencies, Fitts has failed to state claim for denial of access to the courts.

In addition to being deficient on the merits, Fitts' claim for denial of access to the courts is also procedurally deficient. Although Fitts filed motions regarding discovery and supposedly made verbal motions concerning attorney Brady, he never raised an objection in the trial court regarding his denial of access to the courts claim. Generally, issues not presented in the trial court are not appropriate for appellate consideration. *McGee v. Wilkinson*, No. 93-4259, 1994 WL 162602, *1 (6th Cir. April 29, 1994); *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 243 (6th Cir. 1991). Since Fitts did not raise this claim in the district court, the claim is not appropriate for this Court to consider.

**H.       Order Denying Appeal of Magistrate Judge's Refusal to Re-Serve Debra Watkins**

Fitts filed a second motion to serve the complaint on Debra Watkins, seeking an order from the court requiring the MDOC to provide an address were Watkins could be found. The complaint and summons as to Watkins was originally issued on July 10, 2001. The MDOC returned the complaint and summons, unexecuted, indicating Watkins had terminated her employment with the MDOC and her whereabouts were unknown. Magistrate Judge Greeley held he could not order the MDOC to provide an address they did not possess. Accordingly, Fitts' motion to re-serve the complaint was denied. Fitts filed objections to this order, which Judge McKeague construed as an appeal of the order. Upon review of the order, Judge McKeague found no error, and as such, decided the order was not erroneous. It is this order Fitts now appeals.

Under Federal Rule of Civil Procedure 4(c)(2), when a plaintiff is proceeding *in forma pauperis*, the district court must direct service be effected by a United States Marshal, Deputy United States Marshal, or other person or officer specifically appointed by the court for that purpose. This

rule does not provide guidance for the court's obligation, if any, when the initial attempt to serve process is not effectuated. Although this Court has not addressed the court's obligation in such a situation, cases from other courts provide some insight. In *Holleran v. Baker*, the United States Court of Appeals for the Eighth Circuit held a district court's dismissal, without prejudice, of a county inmate's § 1983 complaint against a former jail official was not an abuse of discretion where the summons was returned unexecuted because the official was no longer employed with the county, and the inmate failed to comply with the court's order directing him to provide the official's correct address within ten days. 109 Fed.Appx. 830, 831 (8th Cir. 2004). Additionally, in *Childerson v. Ill. Dept. of Corr.*, No. 04-652-JPG, 2006 WL 2644941, *4 (S.D. Ill. September 14, 2006), the court, in its disposition of the case, directed the United States Marshal to serve process on the defendants named in the suit, and in doing so, the court noted "[w]ith respect to former employees of Illinois Department of Corrections who can no longer be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address . . . "

While neither of the aforementioned cases is binding on this Court, they provide some guidance on how the district court could have handled Fitts' request to re-serve Watkins. The court could have ordered Fitts to provide Watkins' address or the court could have directed the MDOC to provide Watkins' last known address. Neither of these options appear likely to have remedied the situation. While the court could have ordered the MDOC to provide the last known address of Watkins, it is unlikely Watkins lives at that address since according to Fitts' appellate brief, Watkins is working as an Atlanta police officer. Further, even if the court had ordered Fitts to produce

-12-

Watkins' address, it would not have resulted in service of process since Fitts does not have the address but merely states Watkins now works as a police officer in Atlanta. This Court has never imposed an obligation on district courts to actively seek out the address of a defendant so that service can be effectuated and declines to do so in this instance. Thus, Judge McKeague was correct in ruling that Magistrate Judge Greeley's order was not erroneous.[3]

## I.      District Court's Order Dismissing Fitts' Count II Claim

The court uses an abuse-of-discretion standard when reviewing a lower court's application of the law-of-the-case doctrine. *Rouse v. Daimler Chrysler Corp. UAW*, 300 F.3d 711, 715 (6th Cir. 2002); *Pacific Employers Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 398 (6th Cir. 2002). The law-of-the-case doctrine precludes a court from reconsidering issues that were decided at an earlier stage of the litigation. *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006). "Law-of-the-case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Rosales-Garcia v. Holland*, 322 F.3d 386, 398 n.11 (6th Cir. 2003) (en banc) (quoting 18 B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478 (2d ed. 2002)). In order for the doctrine to apply, a court must have decided the issue explicitly or by necessary implication. *Bowles v. Russell*, 432 F.3d 668, 676-77 (6th Cir. 2005). *See also Rouse*, 300 F.3d at 711 (finding an abuse of discretion where law-of-the-case doctrine was applied and, after "careful review," the issue was

---

[3]Even if Judge McKeague erred in denying Fitts' appeal of the magistrate judge's order, it is of no consequence since the count II claims that implicated Watkins were eventually dismissed for failure to state a claim upon which relief can be granted and qualified immunity.

never actually decided below).  Finally, when applied to a coordinate court, the law-of-the-case

doctrine is "a discretionary tool available to a court in order to promote judicial efficiency." *United*

*States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990); *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th

Cir. 1998).

Fitts points to three orders by Judge Hood and one by Judge McKeague,[4] arguing all of these

orders were decisions on the merits and thus it violated the law-of-the-case doctrine for Judge

McKeague to revisit those issues again in his order for partial dismissal (Docket No. 199),

dismissing Fitts' count II claims against Defendants Thomas, Hogle, and Lee.  He also argues the

law-of-the-case doctrine is not discretionary.

A review of the record reveals neither Judge Hood nor Judge McKeague had reviewed the

viability of Fitts' count II claims.  Judge Hood's September 24, 2002 order concerned Fitts' failure

to exhaust administrative remedies and whether Defendants were entitled to qualified immunity on

the Eighth Amendment claims found in count I.  Judge Hood's "Order Denying Defendants' Motion

for Rehearing or Reconsideration" addressed those same issues.  Fitts states Judge Hood held in this

order that all of Fitts' claims were cognizable.  Fitts' argument, however, is misplaced and taken out

of context.  Judge Hood denied the motion for reconsideration because the defendants presented the

---

[4]Fitts listed the following orders as precluding further review under the law-of-the-case doctrine:  (1) Order Re Report and Recommendation (Docket No. 43); (2) Order Denying Defendants' Motion for Rehearing or Reconsideration (Docket No. 64); (3) Order Accepting in Part and Rejecting in Part the Magistrate Judge's Report and Recommendation and Transferring Action to the Western District of Michigan (Docket No. 74); and (4) Order of Partial Dismissal (Docket No. 149).  The first three orders were issued by Judge Hood and the fourth was issued by Judge McKeague.

same issues ruled upon by the court in its September 24, 2002 order. In doing so, the court stated, "[p]laintiff's Amended Complaint states a cognizable claim and that Plaintiff exhausted administrative remedies as to the claims against Defendants Thomas, Hogle, and Lee." Since the previous order addressed only Fitts' count I claim, it logically follows that the motion for reconsideration addressed only the count I claim. While Defendants Hogle, Lee, and Thomas later filed a dispositive motion addressing Fitts' count II claims, Judge Hood did not address the merits of the motion in her order transferring the case. Instead, she dismissed the motion as moot and advised the defendants they could file the motion again in the Western District of Michigan.

After the case was transferred, four dispositive motions were filed but none of them addressed Fitts' count II claims. Three of these motions were filed by Coleman, who is only implicated in count I, so clearly none of his motions addressed the viability of the count II claims. Likewise, the fourth dispositive motion did not address Fitts' count II claims. The motion was brought by Defendants Cannon, Hogle, Lee, Sicker and Thomas, and it asked for judgment on the pleadings for failure to exhaust administrative remedies. Judge McKeague issued an order of partial dismissal denying all of these motions. In doing so, Judge McKeague relied on the law-of-the-case doctrine. Fitts alleges comments made by Judge McKeague in his memorandum opinion to this order validated his claims. Again, Fitts' argument is misplaced and taken out of context. In his memorandum, Judge McKeague stated "the fundamental viability of plaintiff's claims, which have now survived several dispositive motions, appears to be well-established." However, Judge McKeague added a footnote to this sentence noting that the viability of the count II claims had not been fully tested.

As the procedural history and factual background show, there was never an order by either Judge Hood or Judge McKeague deciding the merits of Fitts' count II claims, prior to Judge McKeague's Order of Partial Dismissal issued on September 10, 2004. Therefore, there was no law of the case for Judge McKeague to follow when he issued his order dismissing Fitts' count II claims. As such, Judge McKeague did not violate the law-of-the-case doctrine, and in turn, did not abuse his discretion when he declined to invoke the law-of-the-case doctrine as to Fitts' count II claims against Defendants Hogle, Lee, and Thomas.

**J.      Issues Raised in Brief but Not Included in Notice of Appeal**

Fitts raises a number of issues in his brief that were not raised in his notice of appeal. The issues include: (1) Judges Hood and McKeague were informed by Fitts that Appellee counsel Thom and Juip were trying to get more than one bite at the apple by filing so many summary judgment motions Fitts "could not keep count of." Fitts alleged this constituted an "abuse of filing" and the judges abused their discretion by ruling on them; (2) Judge McKeague was biased and prejudiced; (3) Judge McKeague abused his discretion by removing the only black juror from the jury pool; (4) the jury was so biased and prejudiced they did not care about Fitts' evidence; (5) the district court erred by not reviewing United States Supreme Court cases on medical privacy; (6) the district court erred because it knew he was mentally ill yet the court refused to appoint counsel; (7) the district court refused to give him transcripts and documents; and (8) he should be granted a new trial. Fitts did not discuss these issues in detail; rather, he sparingly discussed them throughout the brief and listed most of them at the end of the brief as other issues he would like the court to consider. Fitts' notice of appeal specified the issues he was appealing. Therefore, the additional issues referred to

in his brief are not properly before this Court. *See Caldwell v. Moore*, 968 F.2d 595, 598 (6th Cir. 1992); *Wilson v. Firestone Tire & Rubber Co.*, 932 F.2d 510, 516 (6th Cir. 1991) ("if an appellant. . . chooses to designate specific determinations in his notice of appeal-rather than simply appealing from the entire judgment-only the specified issues may be raised on appeal."). In any event, because Fitts has failed to develop his argument regarding these issues in his appellate brief, we do not reach them. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 525 n.4 (6th Cir. 2006).

### III. CONCLUSION

For the reasons stated herein, the Court **AFFIRMS** the district court's rulings on all of Fitts' issues on appeal.