SUTTON, Circuit Judge,
dissenting.
An appellant, whether represented by counsel or not, should not be able to obtain a reversal of a district court judgment without offering any reason in his brief why the lower court erred. Yet that is what Mr. Nali has managed to do here, and accordingly I respectfully dissent.
Nali’s four-page brief does not develop a single argument or point to a single mistake that the district court made. If you doubt me, check it out for yourself. As the attached appendix shows, Nali’s brief contains a one-sentence (all-encompassing) description of the issue presented: “Whether The Trial Court Should Have Dismissed Plaintiffs Claims Against The Defendants.” It then contains a one-paragraph (half-page) “Law and Argument” section, which in sum and substance says this: “his submissions in the district court and this court sufficiently addressed the issue.” See Appendix. It then incorporates by reference “all his exhibits in the appendices”—his district court filings and the district court’s opinion—“as an integral part of this argument and his appeal.” Id. Even the most pro se of pro se briefs must do more than that.
Rule 28 of the Federal Rules of Appellate Procedure says that the brief of an appellant—any appellant—“must” include his “contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.” Fed. R.App. P. 28(a)(9)(A); see Fitts v. Sicker, 232 Fed.Appx. 436, 441-42 (6th Cir.2007) (applying Rule 28 to pro se appellant). No doubt, we expect less of pro se litigants than we do of counseled litigants—and appropriately so. But those modest expectations are not non-existent. “[P]ro se parties must still brief the issues advanced with some effort at developed argumentation.” Coleman v. Shoney’s, Inc., 79 Fed.Appx. 155, 157 (6th Cir.2003) *914 (quotation marks omitted). That is why the Sixth Circuit’s form for pro se briefs asks appellants to specify “what facts,” “what law” and “what specific issues” they want the court to review. See Pro Se Brief, http://www.ca6.uscourts.gov/ internet/forms/briefs_appendices/ prose_brief.pdf. When, as here, a pro se appellant’s brief “has not suggested any defects in the district court’s” ruling, “much less advanced any sort of argument,” we should dismiss the appeal—as we have before. Geboy v. Brigano, 489 F.3d 752, 766-67 (6th Cir.2007); see also Jenkins v. Widnall, No. 99-3918, 2000 WL 553957, at *3 (6th Cir. Apr. 28, 2000) (declining to address district court order pro se litigant did not specify in her notice of appeal); Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir.2001) (dismissing pro se appellant’s claim for failing to comply with Rule 28).
Even the most lenient reading of Rule 28 does not allow an appellant to satisfy its requirements solely by incorporating his arguments below. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir.1993) (denying pro se litigant’s request to incorporate “his objections to the magistrate judge’s report and in various state court pleadings”). “[Sjuch a practice has been consistently and roundly condemned, and any incorporated argument is ordinarily deemed forfeited, even when advanced by a pro se litigant.” United States v. Orrego-Martinez, 575 F.3d 1, 8 (1st Cir.2009) (internal quotation marks and citations omitted).
This is hardly the technical enforcement of a rule for its own nit-picking sake. Had Nali’s only briefing omission been the failure to include a “summary of the argument,” as indeed he failed to provide and as the Appellate Rules also require, see Fed. RApp. P. 28(a)(8), I would not have a problem with overlooking the error. But when the litigant offers no argument to summarize and nothing more than an invitation to rummage through the district court pleadings to identify any mistake loosely connected with a broadly defined issue (viz., “Should I have lost below?”), he is not asking us to overlook the understandable mistake of a lay-person advocate. He is asking us to be a judge and advocate in the case, a division of responsibilities we should try to preserve rather than blur.
What is more, when a pro se litigant asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us to create, not correct, potential disparities in the legal system. Excusing a complete lack of appellate briefing does not level the playing field between an uncounselled litigant and his adversary; it gives the pro se litigant a distinct advantage. How can an appellee respond to arguments the appellant never articulates? And how can we tether the appellee to the applicable page-limit requirements, when the appellant’s brief includes everything in a potentially voluminous lower-court record?
This case, indeed, illustrates the problem with this approach. The claim Nali prevails on today—his speech-retaliation claim—is one that he not only failed to develop on appeal but also failed to complain about in his objections to the magistrate’s report and recommendation. See Nali App. D. As a result, the first notice that the appellee—and the district court— will receive of the appellant’s winning “argument” is when they read the court of appeals decision reversing the district court’s judgment. That is no way to run a court system. Breathing new life into this doubly forfeited claim both undermines our adversarial system and oversteps the appropriate constraints on our powers of appellate review. Cf. Carducci v. Regan, 714 F.2d 171, 177 (D.C.Cir.1983) (“The *915 premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry....”)
Such a lax, indeed non-existent, briefing requirement does not just create inequities between litigants in any one case. If we confer on some pro se litigants the benefit of crafting their arguments for them, I see no reason why we should not do so for all pro se litigants, or even for all parties. Because pro se appellants, like all other appellants, must make some effort to explain why the lower court erred, and because Nali has made no such effort, I would affirm. The majority seeing the issue differently, I respectfully dissent.
Appendix to Opinion of Sutton, Circuit Judge.
Nali’s handwritten brief contains a table of contents, a one-and-a-half page statement of facts, a one-sentence jurisdictional statement and a “Relief Sought” section requesting the court to reverse the district court’s decision. The rest of his brief, in its entirety, reads as follows:
ISSUES PRESENTED
Whether the Trial Court Should Have Dismissed Plaintiffs Claims Against The Defendants.
LAW AND ARGUMENT
Plaintiff filed a 115 item complaint against 6 MDOC employees, actually 5 MDOC employees and a CMS employee. See appendix A. The complaint was based upon three major misconduct tickets. See appendix B.
The district court entered a report and recommendation to dismiss plaintiffs case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c). See App. C.
Plaintiff filed objections to the report and recommendations. See appendix D. The district court adopted the magistrate’s report and recommendation. See appendix E.
Plaintiff requests] leave to appeal in this court. See appendix F.
Plaintiff contends that his submissions in the district court and this court sufficiently addressed the issue, and includes all his exhibits in the appendices as an integral part of this argument, and his appeal.