NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0576n.06

Case No. 25-1384

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| SCOTT SEDORE, | ) | **FILED**<br>Dec 11, 2025<br>KELLY L. STEPHENS, Clerk |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| SIRENA LANDFAIR, et al., | ) | |
| Defendants-Appellees. | ) | |
| | ) | OPINION |
| | ) | |

Before: NALBANDIAN, DAVIS, and HERMANDORFER, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Scott Sedore brought a civil rights action against several defendants. Sedore lost at trial. And now he appeals, arguing that the district court abused its discretion by setting unfair and prejudicial time limits on his trial and granting a motion to quash a trial subpoena. But Sedore ordered only a small portion of the transcript from the four-day trial to be included in the record on appeal. Because Sedore can't show that the district court's alleged errors were prejudicial with the partial transcript, we affirm.

**I.**

Sedore, while confined as a Michigan state prisoner at the G. Robert Cotton Correctional Facility (CCF), sued the Michigan Department of Corrections (MDOC), two MDOC nurses, and Dr. Victoria Hallett. He brought First Amendment retaliation claims against the two MDOC nurses and Hallett, who wasn't an MDOC employee but was providing medical care at CCF. Sedore, a wheelchair user, alleged that the three individual defendants placed him in segregated

housing on the pretext of a risk of self-harm when the actual reason was to retaliate against him for filing grievances and pursuing litigation over the medical care he'd been receiving. Sedore also alleged that MDOC violated the Americans with Disabilities Act (ADA) and the Rehabilitation Act. He claimed that while in segregated housing, he was placed in a cell that was too small to accommodate his wheelchair. This, he argued, constituted disability discrimination because MDOC didn't provide reasonable accommodations for his disability.

On March 15, 2025, three days before the start of trial, Sedore subpoenaed Kim Cargor, the CCF warden, to demand her attendance at trial. Sedore hoped to elicit testimony from her on MDOC's policies and practices regarding disability accommodations. Two days later, Cargor moved to quash the subpoena. Sedore responded to Cargor's motion and offered to have Cargor testify remotely.

The day before trial, the district court clerk emailed the parties notifying them of how much time they would have to make their case at trial. The court allocated five hours to Sedore, five hours to MDOC and the nurses (the MDOC Defendants), and five hours to Hallett. Within an hour of receipt, Sedore responded to the email with a simple "[t]hank you."

Trial began. And on its second day, the court granted Cargor's motion to quash the subpoena. Sedore then filed an emergency motion asking the court to reconsider its time limits and grant him more time to present his case. But the next day, the court denied that motion. Shortly after that denial, Sedore rested his case.

The MDOC Defendants and Hallett subsequently moved for judgment as a matter of law. The court granted Hallett's motion and dismissed her from the case, but let Sedore's case against the MDOC Defendants go to the jury. The jury returned a verdict for the MDOC Defendants on March 21. And the court entered judgment against Sedore.

Sedore filed a timely notice of appeal. And on the same day, he filed an application to waive payment of the appellate filing fee, describing on the first page of the application that he intended to challenge the district court's allocation of trial time and granting of Cargor's motion to quash.

A few days later, he ordered a partial transcript. The docket entry for this order shows that he ordered the portion of the trial transcript regarding Cargor's "request to quash the subpoena" from March 19, his "request for reconsideration of the trial time" from March 20, and "other motions and closing argument" from March 21. Dkt. No. 6.

This partial transcript is 51 pages and reflects intermittent moments from the four-day trial. It includes only Sedore's closing and rebuttal arguments, the discussions and arguments related to the court's decision to quash the Cargor subpoena, its decision to deny Sedore more time, the defendants' motions for judgment as a matter of law, and an evidentiary matter not relevant to Sedore's appeal.

## II.

Sedore asks us to reverse the district court's judgment and remand for a new trial. He gives us two reasons to do so. First, he argues that the district court abused its discretion by imposing unfair and prejudicial time limits for trial and refusing to give him more time mid-trial. Second, he argues that the court abused its discretion by granting Cargor's motion to quash. But because Sedore can't show that these alleged errors were prejudicial with the partial transcript, we affirm the district court's judgment.

Before we explain why that's the case, we'll address a procedural dispute. Alongside their merits arguments, the MDOC Defendants and Hallett say Sedore didn't file a statement of the issues as required by Federal Rule of Appellate Procedure 10(b)(3)(A). So they say we should

dismiss Sedore's appeal. Under Rule 10(b)(3)(A), if the appellant orders a partial transcript, then he must file a statement of the issues he intends to present on appeal within 14 days of filing the notice of appeal. Fed. R. App. P. 10(b)(3)(A).

Sedore ordered a partial transcript a few days after filing his notice of appeal. So Rule 10(b)(3)(A) obligated him to file a statement of the issues. Though Sedore never filed a statement of the issues as a standalone document, he argues that he still complied with Rule 10(b)(3)(A) for two reasons. First, the same day he filed the notice of appeal, Sedore separately filed an application to waive payment of the appellate filing fee. On the first page of that application, Sedore described the two issues he intended to raise on appeal. Second, the docket entry for Sedore's transcript order describes that he was requesting the parts of the transcript pertaining to the district court's decision to quash the subpoena and its decision to deny Sedore's request for more time.

Courts can find compliance with a procedural rule if the litigant's action was the "functional equivalent of what the rule requires." *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988)). And even if a litigant hasn't complied with a rule, dismissal isn't always warranted. *Fitts v. Sicker*, 232 F. App'x 436, 440 (6th Cir. 2007); *Island Creek Coal Co. v. Loc. Union No. 1827 of United Mine Workers of Am.*, 568 F.2d 7, 8 (6th Cir. 1977).

Sedore likely did enough to comply with the rule here. And, in any event, dismissal of his appeal seems unduly harsh even if he didn't formally comply. Regardless, we don't need to decide that now. Even if dismissal weren't warranted, Sedore's appeal fails for a different reason. Because Sedore ordered such a limited portion of the trial transcript, he can't succeed on his claims.

We review a district court's allocation of time at trial and its decision to quash a subpoena for abuse of discretion. *Ross v. Parrot's Landing, Inc.*, No. 21-1774, 2022 WL 7367263, at *3

(6th Cir. Oct. 13, 2022) (citing *Sutkiewicz v. Monroe Cnty. Sheriff*, 110 F.3d 352, 361 (6th Cir. 1997)); *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552 (6th Cir. 2015).[1] Even if we believe that the district court abused its discretion, in a civil case "the party that seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citation modified); *see also Homeward Residential*, 799 F.3d at 552; 28 U.S.C. § 2111. And prejudice results when we lack a "fair assurance" that the outcome of a trial wasn't affected by the error. *Appalachian Reg'l Healthcare, Inc. v. U.S. Nursing Corp.*, 68 F.4th 324, 332–33 (6th Cir. 2023). Evaluating prejudice requires "examin[ing] the proceedings in their entirety." *Beck v. Haik*, 377 F.3d 624, 635 (6th Cir. 2004) (quoting *Kotteakos v. United States*, 328 U.S. 750, 762 (1946)), *overruled on other grounds by, Adkins v. Wolever*, 554 F.3d 650 (6th Cir. 2009) (en banc).

Because Sedore included only 51 pages of the trial transcript in the record on appeal, he can't carry his burden of showing prejudice. *See Ramage v. Louisville/Jefferson Cnty. Metro Gov't*, 520 F. App'x 341, 344–45 (6th Cir. 2013) ("It is the appellant's duty to order the trial transcript when it is necessary to a review of the issues she raises for appeal." (citing Fed. R. App. P. 10(b))). The 51-page excerpt from the four-day trial includes the discussions related to the court's decision to quash the Cargor subpoena, its decision to deny Sedore more time, the defendants' motions for judgment as a matter of law, and Sedore's closing and rebuttal arguments. But the record on appeal doesn't include any trial testimony or trial exhibits.

---

[1] We note that Sedore didn't object when the district court initially set the time limits. But as trial developed, he thought that he needed more time and asked for it. So he didn't preserve a challenge to the time limits generally. Instead, we're reviewing only the district court's denial of Sedore's mid-trial request for more time.

So even if we thought that the 51-page partial transcript and other record documents gave us enough to conclude that the district court abused its discretion for one or both of its challenged decisions, we wouldn't be able to evaluate whether any error was prejudicial and warranted retrial. *See, e.g.*, *Bivens v. Zep, Inc.*, 147 F.4th 635, 651–52 (6th Cir. 2025) (declining to review denial of motion to compel for abuse of discretion where plaintiff failed to request status conference transcript); *cf. Beck*, 377 F.3d at 638, 644–45 (concluding that five errors at trial amounted to cumulative error warranting reversal and remand under the "fair assurance" test). That's because with the record Sedore gave us, we can't meaningfully review the evidence the parties presented to the jury. To take just one of Sedore's claims, he contends that the district court's decision to grant Cargor's motion to quash was prejudicial because Cargor's testimony was critical to its "deliberate indifference" theory of MDOC's alleged ADA violation. Appellant Br. at 27–28. But was there an evidentiary flaw in Sedore's case at trial that would assure us that the outcome would've been the same even in the absence of Cargor's proposed testimony? We don't know. So Sedore can't carry his burden of showing prejudice.

Of course, an appellant's decision not to order every single page of a trial transcript won't necessarily preclude meaningful review in every case. But here, the partial transcript doesn't suffice.

### III.

For these reasons, we affirm the district court's judgment.

6