Candice V. COLEMAN; Kimberly D. Coleman, Nisa Hawkins, Plaintiffs–Appellants,

v.

SHONEY'S, INC., Defendant–Appellee.

No. 02–5991.

United States Court of Appeals, Sixth Circuit.

Oct. 24, 2003.

Before: NELSON, CLAY, and COOK, Circuit Judges.

## ORDER

Plaintiffs, Candice V. Coleman, Kimberly D. Coleman, and Nisa Hawkins, proceeding pro se, appeal the jury verdict for the defendant, Shoney's, Inc. ("Shoney's"), in this employment discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 23, 1999, the plaintiffs, who were represented by counsel, brought this civil rights action against Shoney's alleging that they were subjected to race and sex discrimination as employees of the Captain D's restaurant located at 2238 Frayser Boulevard in Memphis, Tennessee ("the Frayser Boulevard Captain D's"). Specifically, the plaintiffs allege that they were treated differently from white employees, that they were subjected to a hostile working environment due to both racial and sexual harassment, and that their employer retaliated against them once they complained of their treatment and filed charges with the Equal Employment Opportunity Commission. The plaintiffs amended their complaint on May 11, 2000, to include a claim for relief under the Tennessee Human Rights Act, Tenn.Code Ann. § 4–21–101, et seq. On June 14, 2000, however, the district court granted the plaintiffs' motion to voluntarily dismiss this state law claim, as it was barred by the applicable one-year statute of limitations.

On April 20, 2001, Shoney's filed a motion for summary judgment. In an order filed November 21, 2001, the district court denied Shoney's motion for summary judgment with regard to its res judicata argument, the plaintiffs' racial and sexual harassment claims based on hostile work environment, Candice and Kimberly Coleman's retaliation claims based on reduction of hours, and Candice Coleman's retaliation claim based on her firing. The court granted Shoney's motion for summary judgment with respect to the plaintiffs' disparate treatment discrimination claim, Kimberly Coleman's retaliation claims based on her firing, and Nisa Hawkins's claim based on reduction of hours. Shoney's motion for reconsideration was denied in an order filed January 2, 2002.

A jury trial on the remaining claims was held from March 4, 2002, until March 13, 2002. The jury found that the plaintiffs were subjected to racial and sexual harassment while they were employed at the Frayser Boulevard Captain D's. The jury also determined, however, that Shoney's established the elements of its affirmative defense, and, as a result, no damages were awarded to the plaintiffs. Judgment was entered on March 27, 2002. The plaintiff filed a motion for a new trial pursuant to Fed.R.Civ.P. 59, and the district court denied the motion in an order filed July 2, 2002. This appeal followed.

The plaintiffs' primary argument on appeal is that the jury's verdict was against the weight of the evidence. The plaintiffs also claim that they did not receive a fair trial due to various rulings on evidentiary issues.

As an initial matter, Shoney's filed a motion to dismiss this appeal based upon the plaintiffs' failure to file a joint appendix in substantial compliance with Rule 30, Rules of the Sixth Circuit. Because the case has been briefed by all of the parties, and in light of the plaintiffs' pro se status, the motion to dismiss is denied.

A review of the plaintiffs's pro se brief reveals that it is questionable whether they have adequately briefed any appellate issue. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 403 n. 18 (6th Cir.1999); *Ener-*

*tech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996) (concerning waiver by failure to brief). Despite this court's strong preference that claims be adjudicated on their merits, *see Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991), and the liberal construction the court accords the briefs of pro se litigants, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), pro se parties must still brief the issues advanced "with some effort at developed argumentation." *United States v. Reed,* 167 F.3d 984, 993 (6th Cir.1999) (internal quotations and citation omitted). Rule 28 of the Federal Rules of Appellate Procedure requires an appellant's brief to contain, among other things, an argument. *See* Fed. R.App. P. 28(a). The argument portion of the brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and a concise statement of the standard of review for each contention. *See* Fed. R.App. P. 28(a)(9). Although a court may conclude that a litigant has complied with a procedural rule if the litigant's action is "the functional equivalent of what the rule requires," *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 317, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) (citation omitted), the plaintiffs's brief is a far cry from the document envisioned by Fed. R.App. P. 28. Dismissal of this appeal as abandoned is appropriate.

Additionally, the plaintiffs's challenges to evidentiary rulings and evidence are unreviewable without a trial transcript. Generally, it is the plaintiff's duty to order the transcript when it is necessary for review of the issues she intends to raise on appeal. *See* Fed. R.App. P. 10(b). On the transcript order form they filed with this court, the plaintiffs checked the box which indicated that a transcript was "unnecessary for appeal purposes." Thus, the decision to forego transcription of the trial in this case was deliberate on the plaintiffs' part. The plaintiffs have not renewed their motion for a transcript before this court, and have cited nothing that would entitle them to a free transcript in any event. Without a transcript, this court cannot evaluate the propriety of the challenged district court rulings or the sufficiency of the evidence. Under these circumstances, the plaintiffs have waived review of their claims by their failure to provide the transcript. *See* Fed. R.App. P. 10(b); *Hawley v. City of Cleveland,* 24 F.3d 814, 821 (6th Cir.1994); *Herndon v. City of Massillon,* 638 F.2d 963, 965 (6th Cir.1981); *King v. Carmichael,* 268 F.2d 305, 306 (6th Cir.1959).

Accordingly, the motion to dismiss is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.