NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0489n.06

Case No. 22-6055

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| PATRICIO JARA, | ) |
| Plaintiff-Appellant, | ) |
| v. | ) |
| | ) |
| TENNESSEE STATE UNIVERSITY, | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| Defendant-Appellee, | ) THE MIDDLE DISTRICT OF |
| | ) TENNESSEE |
| | ) OPINION |

Before: McKEAGUE, READLER, and DAVIS, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Tennessee State University professor Patricio Jara was passed over for an appointment as chair of his department. He sued the university, alleging that he was improperly denied the promotion based on his national origin. A jury disagreed, returning a verdict in the university's favor. On appeal, Jara asks us to set aside that verdict based on the legal insufficiency of the evidence. But he failed to preserve the issue in the district court. Alternatively, Jara seeks a new trial to remedy two purported errors in the jury instructions. Yet those arguments too have procedural defects. Accordingly, we affirm the judgment of the district court.

I.

Dr. Patricio Jara is a professor of physics and mathematics in Tennessee State University's College of Life and Physical Sciences. An American citizen originally from Chile, Jara earned his

doctorate from Louisiana State University and began teaching at Tennessee State in 2009. Throughout his employment at the university, he received multiple salary increases, eventually earning academic tenure.

Jara later applied to be the chair of the physics and mathematics department. Ultimately, Dr. Nolan McMurray, an external candidate, was selected as the new chair. Unlike Jara, McMurray was born in the United States.

In the wake of his rejection, Jara asserted numerous claims against the university under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e-2(a). According to Jara, he experienced discrimination and a hostile work environment based on his national origin. Eventually, four claims were at issue at trial: discrimination by failing to appoint Jara department chair; discrimination by diminishing Jara's options for advancement; discrimination by withholding pay; and hostile work environment.

As is standard practice, the parties submitted proposed jury instructions and verdict forms to the district court before trial. At trial, Jara moved to amend the jury instructions and verdict form. The district court denied this request, finding that the previously agreed upon jury instructions and verdict form adequately addressed the issues raised at trial and correctly stated the legal standards.

At the close of trial, the jury returned a verdict in the university's favor. Following the verdict's announcement, Jara moved orally for "judgment notwithstanding the verdict," what is commonly understood as a Federal Rule of Civil Procedure 50(b) renewed motion for judgment as a matter of law. Fed. R. Civ. P. 50(b); *see Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC*, 974 F.3d 767, 779–81 (6th Cir. 2020). The court denied the motion and entered final

judgment in accordance with the jury verdict. No further motions practice took place, and Jara appealed the judgment to this Court.

## II.

A. Jara asks us to "reverse the jury verdict" because "it is against the 'clear weight of the evidence,'" meaning "no reasonable juror could" fail to find that the university's promotion decision was motivated by discrimination on the basis of national origin. Some procedural confusion, however, clouds the matter. Recall that, in post-trial proceedings in the district court, Jara asked the district court to enter "judgment notwithstanding the verdict." That is the phrase previously used by the Federal Rules of Civil Procedure to describe what is now a Rule 50(b) motion—a renewed motion for judgment as a matter of law. *See Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 358 n.10 (6th Cir. 2006). Jara, however, failed to move for judgment as a matter of law in accordance with Federal Rule of Civil Procedure 50(a) before the case was submitted to the jury, a necessary prerequisite to seeking post-trial relief under Rule 50(b). *Hanover*, 974 F.3d at 779–90. And in denying Jara's motion, the district court seemed, at times, to view the motion as one for a new trial under Federal Rule of Civil Procedure 59. *See* R. 109 at PageID # 2089–91 ("I will deny the motion . . . . [A] reasonable jury could have found that the plaintiff did not meet the burden that the plaintiff bears, even though it's only by a preponderance . . . . [A] reasonable jury could have reached the defense verdict it did on each of the four claims here."); *accord Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1047–49 (6th Cir. 1996) ("[S]ince a reasonable juror could find for Holmes . . . we reverse the district court's decision granting a new trial."). Compounding matters, Jara's principal appellate brief does not specify which rule he raises on appeal—Rule 50(b) or Rule 59—both of which can be used to challenge the sufficiency of the evidence. *See* Appellant Br. at 10; *Hanover*, 974 F.3d at 775 n.5.

Either way, Jara's failure first to request judgment as a matter of law in accordance with Rule 50(a) at the close of the defense case dooms his appeal. Start with a Rule 50(b) motion. If Jara intended to move in district court under Rule 50(b) and now seeks appellate review of the district court's denial of a new trial, he has failed to preserve that argument. Fed. R. Civ. P. 50(b); *Hanover*, 974 F.3d at 790; *see also Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 399–401, 402 n.4 (2006) (describing interplay between Rules 50(a) and 50(b)); 9 Moore's Fed. Prac. Civ. § 50.91 (2023); *accord Maher v. City of Chicago*, 547 F.3d 817, 824 (7th Cir. 2008) ("A failure to file a pre-judgment motion under Rule 50(a) prevents this court from reviewing the sufficiency of a jury verdict.").

The preservation requirement ensures that a party opponent is put on notice of the purported flaws in its case, allowing the party an opportunity to cure them during trial. A Rule 50(a) motion "informs the opposing party of the challenge to the sufficiency of the evidence and affords a clear opportunity to provide additional evidence that may be available. [It] also alerts the court to the opportunity to simplify the trial by resolving some issues . . . without submission to the jury." *Hanover*, 974 F.3d at 784 (quoting Note to the 2006 Amendment to Fed. R. Civ. P. 50(b)). Employing this framework also reflects the notion that trial judges are better equipped than courts of appeals to assess factual issues. Whether a sufficiency of the evidence challenge should be granted "calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart." *Unitherm*, 546 U.S. at 401 (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 216 (1947)).

Much the same is true if we treat Jara's motion as one under Rule 59(a). The Rule operates in a straightforward manner. Within 28 days of the entry of a judgment, a party can move for a new trial. Fed. R. Civ. P. 59(b). Rule 59(a) allows a district court, on motion, to grant a new trial

"for any reason for which a new trial has . . . been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). We have read this instruction to include cases where "[t]he jury's verdict might conflict with the weight of the evidence presented at trial." *Max Rack, Inc. v. Core Health & Fitness, LLC*, 40 F.4th 454, 468 (6th Cir. 2022); *Holmes*, 78 F.3d at 1045–46 (recognizing that a new trial is warranted when "a jury has reached a seriously erroneous result as evidenced by . . . the verdict being against the weight of the evidence") (citation omitted). But "if a reasonable juror could reach the challenged verdict, a new trial is improper." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 821 (6th Cir. 2000).

In essence, Rule 59(a) permits the losing party to seek a new trial where the evidence so demands. But to preserve the issue for appeal, the movant must make a Rule 50(a) motion at trial, followed by a Rule 50(b) motion after the verdict, as well as a Rule 59(a) motion for a new trial. *Hanover*, 974 F.3d at 790 n.14; *see Unitherm*, 546 U.S. at 400–01, 402 n.4; *see also Zitzow v. Auto-Owners Ins. Co.*, No. 22-5549, 2023 WL 2033792, at \*10 (6th Cir. Feb. 16, 2023) (collecting cases). Rule 50(b) reflects the ways in which the motions are tied. It explains that if a court denies a Rule 50(a) motion and submits the action to the jury, the movant may file a renewed motion for judgment as a matter of law after the entry of judgment "and may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). In that sense, "the text of Rule 50(b) indicates that the trial court only may order a new trial based on issues raised in a preverdict motion when deciding a renewed post-verdict motion." 9B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2537 (3d ed. 2022). Again, we require that challenges to an opening party's case be raised during trial to deter "a litigant['s] . . . gamb[ling] on the jury's verdict and then later question[ing] the sufficiency of the evidence on appeal." *Id.* § 2536 (citations omitted).

5

Jara did not follow these settled procedures. He failed to make a pre-verdict motion for judgment as a matter of law, which precluded him from renewing a motion post-trial for judgment as a matter of law according to Rule 50(b), and, in turn, moving for a new trial to challenge the sufficiency of the evidence under Rule 59. True, Jara moved for "judgment notwithstanding the verdict," seemingly a Rule 50(b) motion, after the jury returned its verdict and the district court inquired about any post-trial motions. The district court did not press Jara on the procedural error in making a Rule 50(b) motion without having previously moved under Rule 50(a). Nor did the court seek to clarify whether the post-verdict motion was a request for a new trial under Rule 59(a)(1). Either way, by failing to move pre-verdict under Rule 50(a), Jara did not preserve his right to challenge under Rule 59 the sufficiency of the evidence supporting the jury verdict. *Hanover*, 974 F.3d at 771 (holding a party cannot make a Rule 50(b) motion if it has not previously made a Rule 50(a) motion); *id.* at 790 n.14 (noting a sufficiency of the evidence argument forfeited if not preceded by a Rule 50(a) motion at trial followed by a Rule 50(b) motion); *Pennington v. Western Atlas, Inc.*, 202 F.3d 902, 911 (6th Cir. 2000) (holding that the failure to move for a new trial under Rule 59 "precludes appellate review" of the argument that the jury's verdict was against the great weight of the evidence); *see also Zitzow*, 2023 WL 2033792, at *10 ("This Court . . . reviews the handling of sufficiency of the evidence claims by the district court . . . . Under Federal Rules of Civil Procedure 50(a) and 50(b), a litigant must first make a Rule 50(a) motion for judgment as a matter of law, and then—if that motion is denied—file a renewed motion for judgment as a matter of law or request a new trial under Rule 50(b). If either of these steps are not followed, this Court cannot review the sufficiency of the evidence challenge." (citations omitted)). Procedure matters, so much so that it sometimes precludes us from reaching a party's substantive arguments. Today's case is a paradigmatic example.

B.  Next, Jara faults the district court for two aspects of the jury charge; one, an instruction that a failure to interview can be viewed as an adverse employment action, and two, an instruction that national origin discrimination can be based on either "real or perceived" national origin.  Here again, Jara's strategic choices betray him.  Case in point, Jara has failed to provide any transcription of the actual instructions read to the jury.  The docketed appeal transcript merely states, "WHEREUPON, the Court read the jury charge and verdict form instructions to the jury. Transcription was not requested."  And in response to the university highlighting this omission and characterizing it as a failure on Jara's part to satisfy his duty to provide us with an adequate record on appeal, Jara ignored the point.  Instead, his reply brief simply turned our attention to whether he preserved his objection to the jury instructions at trial.

As a general rule, the appellant bears the burden of ordering the trial transcript when it is necessary to a review of the issues the appealing party raises.  Fed. R. App. P. 10(b); *see, e.g.*, *Ramage v. Louisville/Jefferson Cnty. Metro Gov't*, 520 F. App'x 341, 344 (6th Cir. 2013) (citing *Hawley v. City of Cleveland*, 24 F.3d 814, 821 (6th Cir. 1994)).  And, in the context of a challenge to the jury instructions, providing a trial transcript that "does not include the actual instructions tendered to the jury" serves to waive any challenge to the propriety of those instructions.  *Ramage*, 520 F. App'x at 344.  After all, it is impossible for us to review on appeal the jury instructions if we do not know what instructions the jurors were given.  Because Jara has failed to provide a trial transcript reflecting these instructions, he has waived appellate review of his challenge to the instructions.  *See* Fed. R. App. P. 10(b); 16A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3956.1 (5th ed. 2022) ("Challenges to jury instructions will require all parts of the transcript that are necessary to apply the relevant legal standard to the challenge.");

*Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003); *Herndon v. City of Massillon*, 638 F.2d 963, 965 (6th Cir. 1981) (per curiam).

*     *     *     *     *

We affirm.